USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
FILED: 10-3-14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE ACTOS END-PAYOR ANTITRUST LITIGATION

ORDER
13-CV-09244 (RA) (RLE)

**RONALD L. ELLIS, United States Magistrate Judge:**

Plaintiffs filed a Consolidated Amended Class Action Complaint ("CAC") on May 20, 2014. (Doc. 50) On July 8, Defendants informed the Court that they intended to file a Motion to Dismiss. Defendants requested two things: (1) that the Court, when deciding the Motion to Dismiss, consider patent litigation settlement agreements upon which some of Plaintiffs' allegations were founded, and (2) that the Court allow Defendants to file said settlement agreements under seal. Defendants argued that these agreements should not be publicly available because of the confidential business information they contained. Plaintiffs filed an amended CAC on August 22. (Doc. 113)

Plaintiffs allege that Defendants engaged in an overarching anticompetitive scheme to allocate and unreasonably delay competition in the market for certain products Defendants produced. Numerous allegations in the CAC are founded upon the patent litigation settlement agreements Defendants now seek to file under seal. Defendants do not typically publicly disclose settlement agreements because such disclosure would be competitively harmful to Defendants in future settlement negotiations. These agreements, Defendants argue, would provide future litigation adversaries with information evidencing: (1) how Defendants approach the settlement of patent litigation; and (2) Defendants' priorities and commitment levels regarding certain provisions commonly found in patent litigation settlement agreements.

The settlement agreements referenced in the CAC are properly considered in connection with the Defendant's Motion to Dismiss. *See In re Thelen LLP*, 736 F.3d 213, 219 (2d Cir. 2013) ("In adjudicating a motion to dismiss, a court may consider . . . any statements or documents incorporated in [the complaint] by reference, and any document upon which the complaint heavily relies."). Furthermore, these agreements may be filed under seal, as they fall within a recognized exception to the presumption of public access to judicial documents. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). "Courts may deny access to records that are 'sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589 (1978).

**IT IS HEREBY ORDERED** that the Defendants may file under seal the settlement agreements referenced in the CAC.

**SO ORDERED this 3rd day of October 2014.**
**New York, New York**

The Honorable Ronald L. Ellis
United States Magistrate Judge

2