USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/18/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE ACTOS DIRECT PURCHASER ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>    ALL DIRECT PURCHASER ACTIONS | Master File No. 1:15-cv-03278-RA-SDA |
| IN RE ACTOS END-PAYOR ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>    ALL END-PAYOR ACTIONS | Master File No. 1:13-cv-09244-RA-SDA |

**STIPULATION AND ORDER ON DISCOVERY PROTOCOLS**

The parties to *In re ACTOS Direct Purchaser Antitrust Litigation*, No. 15-cv-03278 (the "DPP action") and *In re ACTOS End-Payor Antitrust Litigation*, 13-cv-09244 (the "EPP action") (collectively, the DPP action and EPP action are referred to as the coordinated actions) submit this [proposed] stipulation to (1) make certain changes to the order governing protocol for discovery of electronically stored information and hard copy documents entered in the EPP action [Dkt #193] (the "ESI order"); and (2) adopt the ESI order and certain other discovery protocols previously entered in the EPP action in the DPP action.

WHEREAS, on March 18, 2015, this Court adopted a stipulated protective order in the EPP action [Dkt #190] (the "protective order");

WHEREAS, on March 18, 2015 this Court adopted a stipulation and order regarding certain expert witness discovery in the EPP action [DKT #191] (the "expert stipulation");

WHEREAS, on March 18, 2015, this Court adopted an order governing protocol for discovery of electronically stored information and hard copy documents in the EPP action [Dkt #193] (the ESI order);

1

WHEREAS, the parties in the DPP action desire to adopt the protective order and expert stipulation for use in the DPP action;

WHEREAS, the parties in the DPP action desire to adopt, with two minor changes, the ESI order for use in the DPP action;

WHEREAS, the parties in the EPP action desire to incorporate the same two changes agreed to in the DPP action to their ESI order;

NOW, THEREFORE, IT IS STIPULATED by and between the parties to the DPP action and the EPP action through their undersigned counsel that:

(1) The terms of the protective order entered in the EPP action [Dkt #190] shall also govern in the DPP action;

(2) The terms of the expert stipulation entered in the EPP action [Dkt #191] shall also govern in the DPP action;

(3) The terms of the ESI order entered in the EPP action [Dkt #193] are amended as follows:

> (a) The final paragraph of Section A, Scope, shall be struck in its entirety and replaced with the following (the italicized text reflecting additional language being added):
>
> Nothing in this Protocol alters a party's rights, obligations, and responsibilities under the applicable Federal Rules of Civil Procedure, nor does anything in this Protocol impose burdens beyond those imposed by the Federal Rules of Civil Procedure. *To the extent there is a conflict between this Protocol and the Federal Rules of Civil Procedure and/or the Local Rules of this Court, those rules shall control.* The parties reserve all objections under the Federal Rules of Civil Procedure for matters relating to the production of ESI and hard copy documents.
>
> (b) The language of Section F.3.k., Redactions, shall be struck in its entirety and replaced with the following:
>
> To the extent that a responsive document contains (a) privileged content or (b) non-responsive Highly Confidential content (as that term is defined in the Stipulated Protective Order), the Producing Party may produce that document in a redacted form. Any redactions made pursuant to (b) above shall be made sparingly, and only if doing so would not impair the readability of the document. Where a document contains (x) privileged content, or (y) non-responsive Highly Confidential content for which redaction is necessary, and (z) non-privileged responsive content, the Producing Party shall redact the privileged and/or Highly Confidential non-responsive content and produce the remainder of the document. If there is a dispute about the propriety of

redactions made pursuant to this paragraph, the parties will meet and confer in good faith.

(4) The so-amended ESI order shall govern in both the DPP action and the EPP action.

SO ORDERED:

December 18, 2019

_____
Stewart D. Aaron, U.S.M.J.

Dated: December 17, 2019

**/s/ Steven A. Reed**
Steven A. Reed
steven.reed@morganlewis.com
R. Brendan Fee
brendan.fee@morganlewis.com
Melina R. DiMattio
melina.dimattio@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market St.
Philadelphia, PA 19103
(215) 963-5000

Scott A. Stempel
scott.stempel@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
1111 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 739-3000

Alexander J. Scolnik
alexander.scolnik@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
(212) 309-6000

*Attorneys for Defendants Takeda Pharmaceutical Company Limited, Takeda America Holdings, Inc., Takeda Pharmaceuticals U.S.A., Inc., and Takeda Development Center Americas, Inc.*

Respectfully submitted,

**/s/ Greg Arnold**
Thomas M. Sobol
David S. Nalven
Gregory T. Arnold
**HAGENS BERMAN SOBOL SHAPIRO LLP**
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
Tel: (617) 482-3700
Fax: (617) 482-3003
tom@hbsslaw.com
davidn@hbsslaw.com
grega@hbsslaw.com

*Counsel for plaintiff Meijer, Inc., Meijer Distribution, Inc., and interim co-lead counsel for the proposed direct purchaser class*

Joseph M. Vanek
Paul E. Slater
David P. Germaine
John P. Bjork
**SPERLING & SLATER, P.C.**
55 W. Monroe, Suite 3500
Chicago, IL 60603
Telephone: (312) 224-1500
Facsimile: (312) 224-1510
jvanek@sperling-law.com
pslater@sperling-law.com
dgermaine@sperling-law.com
jbjork@sperling-law.com

*Counsel for plaintiffs Meijer, Inc. and Meijer Distribution, Inc. and the proposed direct purchaser class*

Linda P. Nussbaum
**NUSSBAUM LAW GROUP, P.C.**
1211 Avenue of the Americas, 40th Floor
New York, NY 10036-8718
(917) 438-9189
lnussbaum@nussbaumpc.com

*Counsel for Plaintiff César Castillo, Inc. and the proposed direct purchaser class*

**/s/ *Steve D. Shadowen***
Steve D. Shadowen*
Matthew C. Weiner
**HILLIARD & SHADOWN LLP**
2407 S. Congress Ave., Suite E 122
Austin, TX 78704
Telephone: (855) 344-3298
steve@hilliardshadowenlaw.com
matt@hilliardshadowenlaw.com
*Interim Co-Lead Counsel

Jayne A. Goldstein *
**SHEPARD FINKELMAN MILLER & SHAH, LLP**
1625 N. Commerce Parkway
Suite 320
Ft. Lauderdale, FL 33326
954-515-0123
Jgoldstein@sfmslaw.com
*Interim Co-Lead Counsel

Kenneth A. Wexler*
Kara A. Elgersma
**WEXLER WALLACE LLP**
55 W. Monroe Street, Suite 3300
Chicago, IL 60603
Telephone: (312) 346-2222
Facsimile: (312) 346-0022
kaw@wexlerwallace.com
kae@wexlerwallace.com
* Interim Co-Lead Counsel

Sharon Robertson*
**COHEN MILSTEIN SELLERS & TOLL, PLLC**
88 Pine Street, 14th Floor
New York, NY 10005
Telephone: 212) 838-7797
Facsimile: (212) 838-7745
srobertson@cohenmilstein.com
*Interim Co-Lead Counsel

Michael M. Buchman*
**MOTELY RICE LLC**
600 Third Avenue, Suite 2101
New York, New York 10016
Telephone: (212) 577-0050
MBuchman@motleyrice.com
*Interim Co-Lead Counsel

*Counsel for the proposed end-payor class*