**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE ACTOS ANTITRUST LITIGATION

THIS DOCUMENT RELATES TO:

ALL ACTIONS

Master File No. 1:13-cv-09244 (RA) (SDA)

**STEWART D. AARON, United States Magistrate Judge:**

Pending before the Court is a motion by Defendants Takeda Pharmaceutical Company Limited, Takeda America Holdings, Inc., Takeda Pharmaceuticals U.S.A., Inc. and Takeda Development Center Americas, Inc. (collectively, "Takeda") for an Order staying all proceedings in these coordinated actions pending appellate consideration of Takeda's petition for interlocutory appeal and any subsequent appeal on the merits. (Not. of Mot., ECF No. 321.) For the reasons set forth below, Takeda's motion is GRANTED.[1]

## BACKGROUND

Takeda's motion is made in the two related, coordinated actions, *In re Actos End-Payor Antitrust Litig.*, No. 13-CV-09244 (the "EP Action"), and *In re Actos Direct Purchaser Antitrust Litig.*, No. 15-CV-03278 (the "DP Action"). The EP Action concerns whether Takeda is liable to the indirect purchasers of Takeda's diabetes medication called ACTOS ("End-Payor Plaintiffs" or "EPPs") for unlawfully inflating that drug's prices in violation of state antitrust laws. *In re Actos End-Payor Antitrust Litig.*, 2019 WL 4805843, at *1 (S.D.N.Y. Sept. 30, 2019). The DP Action

---

[1] In deciding the pending motion, the Court has reviewed and considered the Declaration of Alexander J. Scolnik, together with its exhibits (Scolnik Decl., ECF No. 322); Takeda's memorandum of law in support of its motion (Takeda Mem., ECF No. 323); Plaintiffs' memorandum of law in opposition to Takeda's motion (Pl. Opp. Mem., ECF No. 328); the Reply Declaration of Andrew J. Scolnik, together with its exhibit (Scolnik Reply Decl., ECF No. 330); and Takeda's reply memorandum of law. (Takeda Reply, ECF No. 329.)

concerns whether several pharmaceutical companies, including Takeda, are liable to the direct purchasers of brand and generic versions of two diabetes drugs, called ACTOS and ACTO*plus* met ("Direct-Purchaser Plaintiffs" or "DPPs"), for unlawfully inflating those drugs' prices in violation of federal antitrust laws. *See In re ACTOS Direct Purchaser Antitrust Litig.*, 414 F. Supp. 3d 635, 635-36 (S.D.N.Y. 2019).

On September 30, 2019, District Judge Abrams issued an Order in the EP Action denying Takeda's motion to dismiss (the "EPP Order"). *See In re Actos End-Payor Antitrust Litig.*, 2019 WL 4805843, at *20. On October 8, 2019, Judge Abrams issued an Order in the DP Action granting Defendants' motions to dismiss Counts II through VIII of the Complaint, but denying Takeda's motion to dismiss Count I (*i.e.*, the DPPs' monopolization claim against Takeda) (the "DPP Order"). *See In re ACTOS Direct Purchaser Antitrust Litig.*, 414 F. Supp. 3d at 650.

On January 28, 2020, Judge Abrams certified the EPP Order and the DPP Order for interlocutory appeal. *See In re Actos End-Payor Antitrust Litig.*, No. 13-CV-09244 (RA), 2020 WL 433710, at *3 (S.D.N.Y. Jan. 28, 2020). On February 13, 2020, Takeda filed the instant motion to stay. (*See* Not. of Mot.)

**LEGAL STANDARDS**

Courts weigh four factors when considering a motion to stay pending an appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009) (quotation omitted); *see also In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 170 (2d Cir. 2007). "The first two factors of

[this] standard are the most critical," *Nken*, 556 U.S. at 434, and bear an inversely proportional relationship to one another. *Thapa v. Gonzales*, 460 F.3d 323, 334 (2d Cir. 2006). Where the likelihood of success on the merits is significant, less irreparable harm must be shown, and vice versa. *Id*. In no case, however, is it "enough that the chance of success be better than negligible," or that there be a mere "possibility of irreparable injury." *Nke*n, 556 U.S. at 434. (quotations omitted).

The issuance of a stay is "an exercise of judicial discretion," and "[t]he propriety of its issue is dependent upon the circumstances of the particular case." *Nken*, 556 U.S. at 433 (quotation omitted). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of [this] discretion." *Id*. at 433-34.

**APPLICATION**

The Court considers below each of the relevant factors.

**1. Likelihood Of Success**

Takeda has shown more than a "mere possibility" that relief will be granted on appeal. *See Nken*, 556 U.S. at 434. In granting Takeda's motion to certify the EPP and DPP Orders for interlocutory appeal, Judge Abrams noted "the absence of controlling authority, as well as the novelty and complexity" of one of the central issues on appeal. *See In re Actos End-Payor Antitrust Litig*., 2020 WL 433710, at *2. Thus, this factor weighs in favor of granting a stay. *See Kinkead v. Humana, Inc*., No. 15-CV-01637 (JAM), 2016 WL 9453808, at *3 (D. Conn. Oct. 13, 2016) (granting stay where "appeal raises a nuanced legal question of apparent first impression").

3

### 2. Irreparable Injury

Takeda argues that it will be irreparably harmed by the cost and burden of continuing this litigation while the appeal is pending. (*See* Takeda Mem. at 4-6.) This is not sufficient to establish irreparable injury. *See Strougo v. Barclays PLC*, 194 F. Supp. 3d 230, 234 (S.D.N.Y. 2016) ("the prospect of incurring litigation costs, even if substantial, is not sufficient to constitute irreparable injury"). However, Takeda also argues that it would be "be irreparably harmed because, in the absence of a stay, Takeda may needlessly be required to waive privilege over certain communications with its attorneys before the Second Circuit decides the current appeal." (Takeda Mem. at 5.) The Court finds that this unique issue regarding privilege waiver weighs in favor of granting a stay.

Under the schedule set by the Court, Takeda must elect whether to rely on an advice-of-counsel defense by October 1, 2020. (Takeda Mem. at 5.) Takeda asserts that, "[w]ithout a stay, Takeda may be required to invoke the advice of counsel as a defense—which could, in turn, necessitate disclosure of otherwise highly sensitive and privileged documents to Plaintiffs—that may be rendered completely unnecessary if the Second Circuit rules in Takeda's favor." (*Id*.) Given the "overriding importance of the attorney-client privilege to our system of jurisprudence," *United States v. Sabbeth*, 34 F. Supp. 2d 144, 152 (E.D.N.Y. 1999), the Court finds that this factor favors granting a stay.

### 3. Injury To Plaintiffs

Plaintiffs argue that they will be injured by the granting of a stay given the fact that the first of the two coordinated cases was filed in 2013 and that "discovery is only now beginning." (Pl. Opp. Mem. at 9.) However, Plaintiffs in the coordinated cases only are seeking money

4

damages and do not allege any continuing harm. If they ultimately prevail, Plaintiffs will recover for their financial injuries. Thus, this factor is neutral. *See Strougo*, 194 F. Supp. 3d at 234; *see also Kinkead*, 2016 WL 9453808, at *3 ("Plaintiff will not be substantially injured by a stay, given that she is seeking past wages for a discrete time period and is not suffering continuing harm.").[2]

   4. **Public Interest**

The public interest favors granting a stay. Plaintiffs already have served subpoenas for the production of documents on twenty-one pharmaceutical companies. (*See* Scolnik Decl., Exs. 5-25.) Moreover, Takeda is preparing a subpoena to the FDA. (*See* Takeda Mem. at 8.) Granting a stay would avoid burdening these non-parties with discovery obligations that may be unnecessary. In addition, "the motivation underlying [Judge Abrams'] decision to grant certification—the desire to resolve this issue before the parties engage in potentially unnecessary litigation—would be undermined without an accompanying stay." *Kinkead*, 2016 WL 9453808, at *3. As Judge Abrams held, "any 'risk of short-term delay' of the resolution of this case by certifying an interlocutory appeal is 'outweighed by the potential advantage of materially advancing the *ultimate termination* of the litigation.'" *In re Actos End-Payor Antitrust Litig.*, 2020 WL 433710, at *3 (citing *In re Trace Int'l Holdings, Inc.*, No. 04-CV-01295 (KMW), 2009 WL 3398515, at *3 (S.D.N.Y. Oct. 21, 2009) (emphasis in original)).

Weighing all the relevant factors, the Court finds, in its discretion, that a stay is warranted.

---

[2] Plaintiffs also allege that they will be irreparably harmed by the granting of a stay because there is a risk of "witnesses' memories fading with time." (Pl. Opp. Mem. at 9.) However, as Takeda notes in reply, many of the key events in this case took place over ten years ago, such that memories already have faded. (*See* Reply at 6.)

## CONCLUSION

For the foregoing reasons, Takeda's motion to stay all proceedings in these coordinated actions pending appellate consideration of Takeda's petition for interlocutory appeal and any subsequent appeal on the merits is GRANTED.

The Court hereby adjourns *sine die* the status conference that currently is scheduled for March 30, 2020.

**SO ORDERED.**

DATED:   New York, New York
         March 9, 2020

_____
STEWART D. AARON
United States Magistrate Judge