# EXHIBIT B

# Morgan Lewis

**Melina R. DiMattio**
Associate
+1.215.963.5485
melina.dimattio@morganlewis.com

March 15, 2022

**VIA EMAIL**

Whitney Street
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710

Re:   In re Actos Antitrust Litigation, No. 13-9244 (EPP Action), No. 15-3278 (DPP Action) (S.D.N.Y)

Dear Whitney:

We write in response to your objection to Takeda's use of email threading in its document review and productions. As we have explained, Takeda is producing both responsive non-privileged emails that cannot be threaded and email threads that are the most inclusive. The most inclusive email threads include (i) the email that is the last email in a thread, (ii) emails with unique content not included in another email, and/or (iii) an email without any replies or forwards. In contrast, non-inclusive emails have text and attachments contained in other inclusive emails. An email thread is responsive if any portion of the thread is responsive. For the reasons explained below, email threading in this manner is appropriate and beneficial to both sides.

First, email threading does not "violate[] the letter and spirit" of the ESI Protocol (ECF No. 193).[1] The ESI Protocol in this case (entered in 2015) does not address email threading one way or the other. The portion of the ESI Protocol that Plaintiffs quote from refers to document deduplication, not email threading.[2] Indeed, ESI Protocols entered in other cases that, unlike here, do address email threading do so in a provision that is separate from the provision addressing deduplication.[3]

---

[1]   3/4/22 W. Street e-mail.

[2]   Document deduplication is different than email threading. *Compare CBT Flint Partners, LLC v. Return Path, Inc.*, 737 F.3d 1320, 1331–32 (Fed. Cir. 2013) ("Deduplication is the culling of a set of documents to eliminate duplicate copies of the same document, creating a smaller set for production or review.") *with Martinelli v. Johnson & Johnson*, No. 2:15-cv-01733-MCE-EFB, 2016 WL 1458109, at *5 (E.D. Cal. Apr. 13, 2016) (email threading is the "removal of wholly-included, prior-in-time, or lesser-included versions" from production).

[3]   *See, e.g.*, *Reed v. Sci. Games Corp.*, No. 2:18-CV-00565-RSL, 2021 WL 4806520, at *3 (W.D. Wash. Oct. 14, 2021) (ESI Protocol addressing deduplication in paragraph 4 and email threading in paragraph 5); *Rabin v. Pricewaterhousecoopers LLP*, No. 16-CV-02276, 2016 WL

March 15, 2022
Page 2

Second, email threading is a common and well-accepted method of ensuring the "just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Email threading permits a producing party to streamline the document review and production process, ensures consistent coding decisions and privilege redactions, and avoids the confusion that might result if a party uses an earlier and less complete version. *See* E-Discovery and Antitrust Litigation, Antitrust, Fall 2011, at 61–62 ("Email thread suppression sifts through email chains and identifies the emails that are last in time chronologically and that thus contain the entire chain (eliminating the need to review each email comprising the ultimate chain). These techniques not only substantially reduce ESI volume for review, but they also enhance consistency of the review process.").[4] Recognizing these efficiencies, federal courts commonly approve of the use of email threading to streamline both the review and production process.[5]

Third, there is no prejudice to Plaintiffs as a result of email threading. Lesser-included emails are redundant of the content contained in the most-inclusive email. In other words, all of the relevant content is contained in the most-inclusive email that is already being produced. Takeda is not withholding any unique email content on the basis of the email threading.

In light of the foregoing, and particularly in the interest of efficiency and streamlining the discovery process and associated costs and burdens, Takeda cannot agree to produce all lesser included emails as standalone documents. As a compromise, however, we will consider reasonable requests from Plaintiffs, made upon good cause, for metadata associated with lesser-included emails within the most inclusive email threads produced by Takeda. Takeda will reasonably cooperate in responding to any such requests.

Please let us know if you would like to schedule a time to meet and confer on this issue further.


Sincerely,

/s/ Melina DiMattio

Melina DiMattio


cc: All Counsel of Record

---

5897732, at *1–2 (N.D. Cal. Oct. 11, 2016) (same); *In re Broiler Chicken Antitrust Litig.*, No. 1:16-CV-08637, 2018 WL 1146371, at *1 (N.D. Ill. Jan. 3, 2018) (ESI Protocol addressing deduplication in paragraph I.B.1 and email threading in paragraph I.B.2).

[4]     *See also New Mexico State Inv. Council v. Bland*, No. D-101-CV-2011-01534, 2014 WL 772860, at *6 (D.N.M. Feb. 12, 2014) (email threading enables reviewers "to work more efficiently with the documents and identify potentially relevant information with greater accuracy than standard linear review."); *Martinelli*, 2016 WL 1458109, at *5 ("The parties agree that removal of wholly-included, prior-in-time, or lesser-included versions from potential production will reduce all parties' costs of document review, production, and litigation-support hosting").

[5]     *See* footnotes 3 and 4, above.