**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE ACTOS ANTITRUST LITIGATION

THIS DOCUMENT RELATES TO:                    Master File No. 13 Civ. 9244 (RA) (SDA)

    ALL ACTIONS

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' LETTER MOTION FOR**
**DISCOVERY CONFERENCE REGARDING EARLIER-IN-TIME EMAILS**

Dear Judge Aaron:

The Court should deny Plaintiffs' letter-motion seeking to compel Takeda to (1) provide thousands of additional log entries for all earlier-in-time emails (also known as lesser-included emails) that are part of email threads redacted or withheld for privilege, and (2) produce all non-privileged, responsive earlier-in-time emails that are part of the most-inclusive email threads Takeda has already produced or will produce to Plaintiffs. Plaintiffs' requested relief will impose significant burden and expense on Takeda while providing Plaintiffs little to no added benefit.

***Relevant Background.*** This is a complex antitrust class action against Takeda. Takeda has diligently made multiple rolling productions of non-privileged documents from the files of 25 agreed custodians—six of whom are in-house lawyers with a high volume of privileged documents. On February 14, 2022, Takeda requested a meet-and-confer with Plaintiffs to discuss the format for its upcoming privilege logs. In response, Plaintiffs provided a proposed privilege-log protocol. Even though many of Plaintiffs' proposed provisions exceeded those required by the Federal and Local Rules, Takeda negotiated in good faith and agreed to most of what Plaintiffs proposed. Takeda could not, however, agree to Plaintiffs' proposal to separately log thousands of so-called "earlier-in-time emails" that are withheld or redacted based on privilege. Instead, as a compromise, Takeda was willing to agree to provide a single log entry for an email thread only "when asserting privilege on the same basis with respect to multiple documents." *See* L. Civ. R. 26.2(c). Takeda also offered to provide additional information to allow Plaintiffs to assess the claim of privilege over an email thread, including the number of emails and pages comprising the thread. Takeda further assured Plaintiffs that, for partially privileged (and thus redacted) email threads, Takeda would not redact the email header information, so the date, email subject, sender, and recipients would be readily available by viewing the redacted document itself, without the need to repeat this information on the privilege log for each email in a thread containing information redacted for privilege. In addition, Takeda offered to meet and confer if, after review of Takeda's privilege log, Plaintiffs required additional information about any particular log entry for a privileged email thread.[1]

During these discussions, Plaintiffs asked Takeda whether it was "using email threading in its document production." Pls' Ex. A. Takeda did not, as Plaintiffs claim, "inform Plaintiffs that they would also be withholding from their production earlier-in-time emails and all associated metadata." Mot. 1. Rather, Takeda simply responded that it was using email threading for its document review and production—"a common and well-accepted practice," Pls.' Ex. A, that has been approved by multiple courts, including this one.[2] Takeda also offered to consider reasonable requests from Plaintiffs, made upon good cause, for metadata associated with earlier-in-time emails. Pls.' Ex. B. Plaintiffs nevertheless insisted that Takeda "make whatever adjustments are necessary to produce lesser included emails as standalone documents for [its] prior and upcoming productions." Pls.' Ex. A. Plaintiffs' demands are neither reasonable nor proportionate and thus their motion to compel should be denied.

---

[1]   *See* 3/15/22 M. DiMattio Email to A. Marks, enclosing revised privilege log protocol (Ex. 1).

[2]   *See SM Kids, LLC v. Google LLC*, No. 18-2637, Stipulated ESI Protocol, ECF No. 121 (Oct. 17, 2020), at 3 ("In an email thread, only the most evolved responsive email in a thread will be produced.").

***Takeda's Proposal for Logging Email Threads Is Reasonable and Consistent with the Law.*** Plaintiffs' demand that Takeda separately log every email in a privileged email thread is inconsistent with Rule 26 and would impose an enormous burden that far outweighs the limited utility of this information to Plaintiffs. Rule 26 does not set a bright-line rule requiring a party to separately log each email in a privileged email thread. Instead, consistent with the standards of reasonableness and proportionality, Rule 26 sets a flexible standard that requires a party to provide information on a privilege log that "will enable other parties to assess the claim." *See* Fed. R. Civ. P. 26(b)(5)(A)(ii); *see also* Advisory Committee's Note to 1993 Amendment ("The rule does not attempt to define for each case what information must be provided when a party asserts a claim of privilege or work product protection."). Critically, the information that should be included on the log varies based on the burden the log will impose. In circumstances—unlike here—where "only a few items are withheld," the information that Plaintiffs seek "may be appropriate." Advisory Committee's Note to 1993 Amendment. But here—where "voluminous documents are claimed to be privileged or protected"—the thousands of additional log entries Takeda will have to create are "unduly burdensome." *Id.*

This approach to privilege logging is embodied in the SDNY Local Rules. *See* L. Civ. R. 26.2 Committee Note (recognizing that "the approach may differ depending on," for example, "the size of the case" and "the volume of privileged documents"). Under Local Civil Rule 26.2(c), parties are encouraged to employ "[e]fficient means of providing information regarding claims of privilege," and "it is presumptively proper to provide the information required by this rule by group or category." The rationale is that the explosion of emails has rendered traditional document-by-document logs "extremely expensive to prepare, and not really informative to opposing counsel and the Court." L. Civ. R. 26.2 Committee Note. Yet, in contravention of the Local Rule, Plaintiffs ask the Court to compel Takeda to engage in this costly exercise of email-by-email logging so they can have additional information that will be of "marginal utility." [3]

Takeda's proposed privileged log approach is reasonable and consistent with the Federal and Local Rules, and with an ESI Protocol previously approved by this Court.[4] Takeda will provide sufficient information in a single log entry to allow Plaintiffs to assess its privilege claims. Not only that, if Plaintiffs believe they need more information about an email thread to assess the privilege claim, Takeda agreed to meet and confer in good faith about any reasonable requests for such information. And as a means of identifying email threads for which Plaintiffs may want such information, Takeda offered to provide, in the log entry, the number of pages and earlier-in-time emails in the thread. Plaintiffs rejected this information as immaterial—even though it is exactly the kind of information plaintiffs often request to help them "to adequately

---

[3]   The Sedona Principles, Third Edition: Best Practices, Recommendations & Principles for Addressing Electronic Document Production, 19 Sedona Conf. J. 1, 81 (2018) ("preparing and reviewing a privilege log can be extremely time-consuming" and often "the privilege log is of marginal utility").

[4]   *See Allianz Global Investors GMBH v. Bank of Am. Corp.*, No. 18-10364, Stipulation and Order Establishing a Protocol for the Production of Documents and ESI, ECF No. 480 (July 30, 2020), at 22 ("In an effort to avoid unnecessary expense and burden, the Parties agree that . . . the Producing Party will prepare (i) a categorical privilege log as described by Local Rule 26.2(c), . . . together with (ii) a summary metadata log containing . . . an export of all or a subset of the metadata fields listed below . . . from the top-line email . . .").

assess Defendants' privilege claims based solely on the log." *In re 3M Combat Arms Earplugs Prods. Liab. Litig.*, No. 19-md-2885, 2020 WL 1321522, at *2-3 (N.D. Fla. Mar. 20, 2020).

Plaintiffs' position appears primarily based on the *Bystolic* case, which is plainly inconsistent with the flexible approach to privilege logs set forth in the Federal and Local Rules. Not surprisingly, numerous other courts have rejected the position in *Bystolic* and held that the approach proposed by Takeda "complie[s] with the mandate of Rule 26(b)(5)." *In re 3M*, 2020 WL 1321522, at *2; *see also, e.g.*, *Phillips v. C.R. Bard, Inc.*, 290 F.R.D. 615, 642 (D. Nev. 2013) ("Rule 26(b)(5)(A) does not require separate itemization of e-mails in a privilege log."); *Williamson v. S.A. Gear Co.*, 15-cv-365, 2017 WL 10085017, at *1 (S.D. Ill. June 6, 2017) ("the parties are not required to include separate entries for multiple emails within the same string"). Accordingly, Plaintiffs' motion to compel on this issue should be denied.

***Email Threading Is Beneficial to Both Parties and There Is No Prejudice to Plaintiffs.*** As Plaintiffs acknowledge, the ESI Protocol in this case is silent on the use of email threading, an efficient and widely used practice by which a party reviews and produces the most-inclusive email in a thread. Courts, including this one, routinely approve of email threading.[5] This Court should do the same in this case. Email threading benefits both Takeda and Plaintiffs. It allows Takeda to streamline document review and production, maintain consistent coding decisions and redactions, and ensure that a produced document contains the full context of the communications. For Plaintiffs, email threading means fewer documents to review and store. Simply put, email threading furthers the "just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

Plaintiffs' objections to email threading have no merit. Contrary to Plaintiffs' accusations, Takeda is not "withholding earlier-in-time emails." Mot. 1, 3. The content of earlier-in-time emails is fully contained in the most-inclusive email threads that Takeda is producing. Thus, to be clear, Takeda is not withholding any unique email content. And the fact that Plaintiffs are not receiving metadata for these emails does not prejudice them. First, this is mutual—Takeda has processed its documents using email threading and is reviewing only the most-inclusive emails. Takeda does not have the metadata for earlier-in-time emails in its review database and thus has no "unfair" advantage over Plaintiffs. Mot. 3. Second, Plaintiffs can glean the information they would want from metadata (e.g., email date, subject, sender, and recipients) from reviewing the document itself. And third, for those documents where Plaintiffs believe they need metadata for earlier-in-time emails, Takeda offered to consider those requests in good faith. The Court should adopt Takeda's reasonable case-by-case approach and reject Plaintiffs' burdensome demand for wholesale production of earlier-in-time emails.

---

[5]       *See, e.g.*, *SM Kids*, No. 18-2637, Stipulated ESI Protocol, ECF No. 121 (Aaron, M.J.), at 3 ("In an email thread, only the most evolved responsive email in the thread will be produced."); *In re Broiler Chicken Antitrust Litig.*, No. 16-cv-08637, 2018 WL 1146371, at *1 (N.D. Ill. Jan. 3, 2018) ("Non-inclusive emails do not need to be searched, reviewed, or produced in this matter."); *Martinelli v. Johnson & Johnson*, No. 15-cv-01733, 2016 WL 1458109, at *5 (E.D. Cal. Apr. 13, 2016) ("The parties agree that removal of wholly-included, prior-in-time, or less-included versions [of emails] from potential production will reduce all parties' costs of document review, production, and litigation-support hosting.").

Respectfully submitted,

Dated:  March 25, 2022

/s/ R. Brendan Fee
Steven A. Reed (admitted *pro hac vice*)
R. Brendan Fee (admitted *pro hac vice*)
Melina R. DiMattio (admitted *pro hac vice*)
D. Patrick Huyett (admitted *pro hac vice*)
Mark J. Fanelli (admitted *pro hac vice*)

MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-5000
steven.reed@morganlewis.com
brendan.fee@morganlewis.com
melina.dimattio@morganlewis.com
patrick.huyett@morganlewis.com
mark.fanelli@morganlewis.com

*Attorneys for Defendants Takeda Pharmaceutical
Company Limited, Takeda America Holdings, Inc.,
Takeda Pharmaceuticals U.S.A., Inc., and Takeda
Development Center Americas, Inc.*