```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/30/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE ACTOS ANTITRUST LITIGATION

THIS DOCUMENT RELATES TO:

ALL ACTIONS

Master File No. 1:13-cv-09244 (RA) (SDA)

**OPINION AND ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

Pending before the Court is Plaintiffs' Letter Motion seeking to compel Defendants Takeda Pharmaceutical Co. Ltd., Takeda America Holdings, Inc., Takeda Pharmaceuticals U.S.A., Inc. and Takeda Development Center Americas, Inc. (collectively, "Defendants" or "Takeda") to (1) produce all nonprivileged, responsive earlier-in-time emails that are part of the most-inclusive email threads Takeda already has produced or will produce to Plaintiffs; and (2) provide privilege log entries for earlier-in-time emails that are part of email threads redacted or withheld for privilege. (Pls.' 3/22/22 Ltr. Mot., ECF No. 359.) For the reasons set forth below, Plaintiffs' Letter Motion is GRANTED IN PART and DENIED IN PART.

**BACKGROUND**

This is a complex antitrust class action in which Plaintiffs allege that the Takeda prevented competitors from timely marketing a generic version of Takeda's diabetes drug ACTOS by falsely describing two patents to the Food and Drug Administration. *See In re Actos End-Payor Antitrust Litig.*, 848 F.3d 89, 92 (2d Cir. 2017). Plaintiffs are drug purchasers who allege that they wrongfully were obliged to pay monopoly prices for ACTOS from January 2011, when Takeda's patent on the

active ingredient in ACTOS expired, to at least February 2013, when the mass of generic market entry occurred. *See id*.

This action was filed on December 31, 2013. (*See* Compl., ECF No. 1.) On March 18, 2015, the Court approved the Order Governing Protocol for Discovery of Electronically Stored Information and Hard Copy Documents (the "Discovery Protocol") that the parties had proposed. (*See* Discovery Protocol, ECF No. 193.) The Discovery Protocol calls for the production of electronically stored information ("ESI") in native format, together with the metadata and coding fields set forth in Exhibit 1 to the Protocol. (*See id*. at 6-7 & Ex. 1.) The Protocol requires the parties to de-duplicate the ESI that is produced, so as to avoid the production of "exact duplicate documents." (*See id*. at 4-5.) However, the Protocol nowhere provides for the production of only the most inclusive email threads. (*See generally* Discovery Protocol.)

After motion practice and two appeals to the Second Circuit, on August 25, 2021, the Circuit remanded this action to this Court. *See United Food & Com. Workers Loc. 1776 & Participating Emps. Health & Welfare Fund v. Takeda Pharm. Co. Ltd*., 11 F.4th 118, 138 (2d Cir. 2021)

Beginning in February 2022, Takeda made multiple rolling productions of non-privileged documents from 25 agreed custodians, including six in-house lawyers. (*See* Pls.' 3/22/22 Ltr. Mot. at 1; Defs.' 3/25/22 Opp., ECF No. 362, at 1.) In its production, Takeda used email threading, "by which a party reviews and produces the most-inclusive email in a thread." (*See* Defs.' 3/25/22 Opp. at 3.) Plaintiffs object to Takeda's use of email threading and seek to compel Takeda to produce what they refer to as "earlier-in-time emails," as well as the metadata associated with those emails. (*See* Pls.' 3/22/22 Ltr. Mot. at 3; Pls.' 3/28/22 Reply, ECF No. 366, at 3.)

2

Plaintiffs also seek to compel Takeda to provide privilege log entries for all emails, including the earlier-in-time emails. (*See* Pls.' 3/22/22 Ltr. Mot. at 2; Pls.' 3/28/22 Reply at 1-2.) Takeda responds that compelling such an approach "would impose an enormous burden." (*See* Defs.' 3/25/22 Opp. at 2.) The parties have exchanged drafts of a privilege log protocol, but have been unable to agree to the terms. (*See* Defs.' 3/25/22 Opp., Ex. 1.)

The Court held a telephone conference on March 29, 2022, during which Plaintiffs' Letter Motion was addressed.

## DISCUSSION

### I. Email Threading

The first issue before the Court, *i.e.*, regarding email threading, highlights the importance of negotiating a comprehensive ESI protocol before data production is undertaken. The issue arises here because Takeda made its initial rolling productions using email threading even though the Discovery Protocol, by its terms, did not permit such approach.

Rule 34 of the Federal Rule of Civil Procedure requires a party to produce designated ESI. *See* Fed. R. Civ. P. 34(a)(1)(A). The Federal Rules of Civil Procedure do not contain provisions regarding the use of email threading, nor do the Local Civil Rules of this Court.[1] However, Rule

---

[1] During the March 29 conference, Takeda argued that email threading was consistent with Rule 34(b)(2), which permits production "in a reasonably usable form or forms." *See* Fed. R. Civ. P. 34(b)(2)(E)(ii). However, Rule 34(b)(2)(E)(ii) only comes into play if the form of production is not "otherwise stipulated or ordered by the court." *See* Fed. R. Civ. P. 34(b)(2)(E). Here, the Discovery Protocol, which was approved by Judge Abrams, called for the production of ESI in native format, together with the metadata and coding fields set forth in Exhibit 1 to the Protocol, and did not permit the exclusion of any ESI or metadata from production. (*See* Discovery Protocol at 6-7 & Ex. 1.) In addition, as the Advisory Committee Notes to the 2006 Amendments to Rule 34 make clear, where "the responding party ordinarily maintains the information it is producing in a way that makes it searchable by electronic means, the information should not be produced in a form that removes or significantly degrades this feature." *See* Fed. R. Civ. P. 34, Adv. Comm. Notes, 2006 Amend. In the present case, by performing threading, Takeda has degraded Plaintiffs' ability to conduct searches of the emails for senders and recipients, as discussed below.

29 of the Federal Rules of Civil Procedure permits the parties to stipulate to procedures governing discovery, *see* Fed. R. Civ. P. 29(b), for example, by use of discovery protocols. Indeed, the Sedona Principles[2] encourage the parties to have "early discussions" regarding "procedural issues relating to the form of production," and to enter into an "agreed upon protocol governing the production of ESI and avoid downstream misunderstandings or disputes." *See* The Sedona Principles, Third Edition: *Best Practices, Recommendations & Principles for Addressing Electronic Document Production*, 19 Sedona Conf. J. 1, Comment 3.c. (2018) (hereinafter, "Sedona Elec. Doc. Prod. Principles"), available at https://thesedonaconference.org/publications (italics omitted); *see also id.*, Comment 12.b. ("Ideally, the form or forms used for production of ESI should be agreed upon early." (italics omitted)).

It is not uncommon for ESI protocols to address the use of email threading. As Takeda notes, such protocols have been entered in cases in this Court. (*See* Defs.' 3/25/22 Opp. at 1 n.2.) In unrelated litigation in another federal court in which Takeda was a party, a provision was included in a protocol regarding email threading, as follows:

> E-mail Threading: The producing Party may identify e-mail threads where all previous emails which make up the thread are present in the body of the final e-mail in the thread. Any party electing to use this procedure must notify all receiving parties that e-mail thread suppression has been proposed to be performed on a specified production and the Parties agree to meet and confer regarding the format of this production, and reserve the right to seek Court guidance on the issue should agreement not be reached.

---

[2] The Sedona Conference is "a nonprofit legal policy research and education organization, has a working group comprised of judges, attorneys, and electronic discovery experts dedicated to resolving electronic document production issues." *Aguilar v. Immigr. & Customs Enf't Div. of U.S. Dep't of Homeland Sec.*, 255 F.R.D. 350, 355 (S.D.N.Y. 2008). "Since 2003, the Conference has published a number of documents concerning ESI, including the Sedona Principles." *Id.* "Courts have found the Sedona Principles instructive with respect to electronic discovery issues." *Id.* (citation omitted).

*In re Actos (Pioglitazone) Prod. Liab. Litig.*, No. 6:11-MD-2299, 2012 WL 7861249, at *11 (W.D. La. July 27, 2012). But, ESI protocols must be negotiated by the parties to address any legitimate concerns the parties to the protocol may have and no similar agreement on email threading was reached here.

Takeda's exclusion of lesser included emails from production has resulted in the exclusion of the metadata associated with earlier emails in a chain (which may be weeks or even months prior to the last email in a chain).[3] This exclusion materially has reduced Plaintiffs' ability to search for all correspondence within a date range. In addition, in certain email chains, only the sender of particular emails earlier in a chain are reflected, and not the recipients of such emails. (*See, e.g.*, Pls.' 3/28/22 Reply, Ex. C.) Finally, Takeda's email threading has removed Plaintiffs' ability to see if anyone was blind-copied on lesser included emails, even though this information was among the metadata the parties agreed in the Discovery Protocol to produce.

If the issue of email threading had been raised at the time the parties were negotiating the Discovery Protocol, Plaintiffs may have been able to ameliorate the foregoing issues by including, for example, a protocol provision requiring the exchange of certain metadata for any excluded, lesser-included emails. However, Plaintiffs were not provided the opportunity to negotiate how email threading might be accomplished in an acceptable manner. In the circumstances presented, and based upon careful review of the parties' submissions, the Court, in its discretion, declines to impose email threading on Plaintiffs. Moreover, although the Court recognizes that the production of earlier-in-time emails will cause some additional burden on

---

[3] Plaintiffs included with their reply examples of email chains that spanned a four- to eight-month period. (*See* Pls.' 3/28/22 Reply, Exs. E, F & G.)

5

Takeda, the Court finds that any additional burden is not undue since Takeda agreed to the Discovery Protocol and likely already has reviewed many of the emails at issue. Thus, Takeda shall produce all responsive ESI to Plaintiffs, including earlier-in-time emails.

## II. Privilege Log

The parties have exchanged drafts of a privilege log protocol, but have been unable to agree to terms regarding how email threads should be logged. (*See* Defs.' 3/25/22 Opp., Ex. 1.) However, because the Court now is requiring Takeda to produce earlier-in-time emails, which will affect the scope of the privilege log, the parties may be able to reach an agreement on the privilege log issue. Accordingly, the parties are directed to meet and confer to seek to agree on a revised privilege log protocol, taking into account the Court's ruling above. The following discussion is designed to provide guidance to the parties regarding the terms of such protocol.

Rule 26(b)(5) provides that a withholding party must "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). Rule 26(b)(5) needs to be read in conjunction with Local Civil Rule 26.2(c). Local Civil Rule 26.2(c) provides:

> Efficient means of providing information regarding claims of privilege are encouraged, and parties are encouraged to agree upon measures that further this end. For example, when asserting privilege on the same basis with respect to multiple documents, it is presumptively proper to provide the information required by this rule by group or category. A party receiving a privilege log that groups documents or otherwise departs from a document-by-document or communication-by-communication listing may not object solely on that basis, but may object if the substantive information required by this rule has not been provided in a comprehensible form.

S.D.N.Y. Local Civ. R. 26.2(c). The Committee Note to the Rule expands on the rule, as follows:

> With the advent of electronic discovery and the proliferation of e-mails and e-mail chains, traditional document-by-document privilege logs may be extremely expensive to prepare, and not really informative to opposing counsel and the Court. There is a growing literature in decisions, law reviews, and other publications about the need to handle privilege claims in new and more efficient ways. The Committee wishes to encourage parties to cooperate with each other in developing efficient ways to communicate the information required by Local Civil Rule 26.2 without the need for a traditional privilege log. Because the appropriate approach may differ depending on the size of the case, the volume of privileged documents, the use of electronic search techniques, and other factors, the purpose of Local Civil Rule 26.2(c) is to encourage the parties to explore methods appropriate to each case. The guiding principles should be cooperation and the "just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. *See also* The Sedona Cooperation Proclamation, available at www.TheSedonaConference.org, whose principles the Committee endorses.

*Id.*, Committee Note; *see also* Sedona Elec. Doc. Prod. Principles, Comment 10.h. ("Logging large volumes of withheld ESI is often costly, burdensome, time-consuming, and disproportionate to the needs of the case." (citing 1993 Advisory Comm. Note to Rule 26(b)(5)).

Accordingly, categorical privilege logs are appropriately used in this Court. "[A] categorical privilege log is adequate if it provides information about the nature of the withheld documents sufficient to enable the receiving party to make an intelligent determination about the validity of the assertion of the privilege." *Rekor Sys., Inc. v. Loughlin*, No. 19-CV-07767 (LJL), 2021 WL 5450366, at *1 (S.D.N.Y. Nov. 22, 2021) (citation omitted). The categorical privilege log found acceptable by Judge Liman in *Rekor* contained groupings of multiple documents over discrete date ranges to and from individuals at identified firms, listing the general subject matter. (*See* Priv. Log, 19-CV-07767, ECF No. 180-1.)

Plaintiffs' proposal of permitting categorical logging of emails only where all emails "involved the same participants and subject matter" (*see* Pls.' 3/22/22 Ltr. Mot. at 1) is inconsistent with the foregoing principles, since there is no requirement that all participants be

7

identical for categorical logging to be appropriate. Takeda's proposal of only logging the threaded emails (see Defs.' 3/25/22 Opp. at 2) also is inconsistent with the foregoing principles, since it is unlikely that the log would contain sufficient information for Plaintiffs to assess the claim of privilege for each email in the thread. However, now that the Court now is requiring the production of all responsive ESI, the parties are directed to meet and confer with respect to the privilege log protocol, consistent with the principles set forth above, and seek to agree to terms.[4]

## CONCLUSION

By reason of the foregoing, Plaintiffs' Letter Motion is GRANTED IN PART and DENIED IN PART. Takeda shall produce all responsive ESI to Plaintiffs, including earlier-in-time emails. In addition, the parties are directed to meet and confer and seek to agree to terms of a privilege log protocol. No later than April 15, 2022, the parties shall file to the ECF docket the agreed-upon privilege log protocol, for approval by the Court. If the parties are unable to agree to the terms of a privilege log protocol, then, no later than April 15, 2022, the parties shall file to the ECF docket their competing proposals.

**SO ORDERED.**

Dated:   New York, New York
         March 30, 2022

_____
STEWART D. AARON
United States Magistrate Judge

---

[4] For example, the parties may wish to consider the approach taken by the parties in *Rekor*. (*See* Priv. Log, 19-CV-07767, ECF No. 180-1.)