# Morgan Lewis

**Brendan Fee**
Partner
+1.215.963.5136
brendan.fee@morganlewis.com

April 15, 2022

**VIA ECF**

The Honorable Stewart D. Aaron
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re:   *In re Actos Antitrust Litig.*, No. 13-cv-9244 (S.D.N.Y.)

Dear Magistrate Judge Aaron:

Takeda respectfully requests that the Court enter the enclosed categorical privilege log protocol (attached as Ex. A). As Your Honor has held, categorical privilege logs are "presumptively proper." ECF No. 367 at 6. Takeda proposes a categorical log that is similar to the categorical log approved by the court in *Rekor* (attached as Ex. B)—the log this Court suggested the parties consider—with the only differences being that Takeda would provide *more* information than in *Rekor* by identifying participants by name and email (rather than by affiliation only), and specifying whether an attorney barred in Japan is a bengoshi or benrishi. Ex. A ¶ 3.B.ii & 3.C.

Plaintiffs "may not object to" Takeda's use of a categorial log "solely on that basis." S.D.N.Y. Local Rule 26.2(c). Rather, Plaintiffs must show that Takeda's proposed categorical log has "insufficient information to permit them to make an intelligent determination about the validity of the assertion of the privilege." *Rekor Sys., Inc. v. Loughlin*, 2021 WL 5450366, at *1 (S.D.N.Y. Nov. 22, 2021). Plaintiffs have not, and cannot, make this showing. As in *Rekor*, Takeda's proposed categorical log will identify privileged categories of documents, their subject matter, date ranges, participants and affiliations, document types, and the basis of privilege. This is more than sufficient information to enable Plaintiffs to assess the privilege claims. *See id.*; Fed. R. Civ. P. 26(b)(5). The fact that Takeda might waive privilege over certain documents as part of its defense does not change the analysis—the same information that is sufficient to assess claims of privilege is likewise sufficient to assess the scope of a potential privilege waiver.

Unable to overcome the presumption, during meet-and-confers Plaintiffs attempted to change the standard and argue that a categorical log is permitted only if Takeda shows that Plaintiffs' proposed document-by-document log is unduly burdensome. This is plainly not the standard in this District. *See* S.D.N.Y. Local Rule 26.2(c). And Plaintiffs' proposed log is burdensome in any event, as it would require a separate log entry for each privileged document.[1]

We are available at the Court's convenience to discuss this issue further.

---

[1] In light of Plaintiffs' demand for production of lesser-included emails, Takeda's initial privilege log (not including persons whose documents may be implicated if Takeda elects to waive privilege) currently would exceed 8000 documents. Using metadata to populate portions of the log entries does not entirely eliminate the burden of separately logging this high volume of documents. And there is additional burden associated with separately logging each scanned paper document for which no metadata exists.

**Morgan, Lewis & Bockius LLP**

1701 Market Street
Philadelphia, PA  19103-2921            ☏ +1.215.963.5000
United States                                          ✆ +1.215.963.5001

April 15, 2022
Page 2

Respectfully,

*/s/ R. Brendan Fee*

R. Brendan Fee


cc: All Counsel of Record