UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| IN RE ACTOS ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Master File No. 1:13-cv-09244-RA-SDA |
|---|---|

**PLAINTIFFS' PROPOSED PRIVILEGE LOG PROTOCOL**

Dear Judge Aaron:

Plaintiffs' proposed protocol is attached as Exhibit A. A redline comparison to the protocol that was previously agreed-upon (for all documents except threaded emails) is attached as Exhibit B. As the redline shows, Plaintiffs have taken the previously agreed-upon protocol and made the alterations suggested by the Court at the March 29 hearing and in the March 30 Order. Specifically, Plaintiffs' protocol incorporates aspects of "metadata logs," which the Court recommended (Ex. C at 12:5-17, 17:5-24) and "categorical logs," which the Court also endorsed (ECF No. 367 at 7.) Plaintiffs' proposal allows the parties to populate nearly all fields in the log using metadata. This can be done automatically, without any burden. Plaintiffs' proposal also incorporates categorical provisions: rather than requiring parties to manually write descriptions for each withheld or redacted document, they may simply identify "category codes." Defendants stated during a call this week that they will internally use "category codes" under their proposal as well.

Plaintiffs' proposal is the least burdensome to the parties and the Court. Using metadata to automatically populate the log is essentially zero-burden. And it would yield robust, document-specific information that will be critical to assessing privilege under the particular facts of this case (*especially* since Defendants may elect to waive privilege, *see* ECF No. 360-1). This would preempt numerous disputes that may arise under Defendants' proposal. For starters, Defendants have not yet identified the "categories" they propose to lump their documents into. There may be disagreements over those categories. Defendants' log would also not enable identification of which specific documents involved third parties, or did not involve attorneys. This would require *in camera* review for document-specific disputes (as happened in the *SM Kids* case, *see* Ex. C at 16) and, eventually, would require more robust logs for categorical disputes.[1] Defendants have suggested that burden is irrelevant, as L.R. 26.2(c) deems categorical logs "presumptively proper." Yet Plaintiffs do propose a categorical-type log—and have rebutted the presumption in any event.

Defendants' counterarguments are unpersuasive. First, they note that email subjects and document titles must still be reviewed for privilege. Your Honor recognized that fact at the hearing, and still suggested the use of metadata logs.[2] Second, Defendants note that the Order means more emails must be logged. But logging them is no burden when "the fields are just literally transferred" using metadata. (Ex. C at 17:22.) Lacking a burden argument, Defendants invoke *Rekor*, which the March 30 Order cited. Plaintiffs respectfully submit that distinctions between *Rekor* and this case make Plaintiffs' proposal more appropriate here. *Rekor* was not a complex antitrust case whose underlying facts involved legal filings; nor was there a privilege waiver issue. In these circumstances, assessing privilege claims will be crucial. Plaintiffs' low-burden proposal enables thorough privilege assessments and uses the categorical approach approved by this Court.

Any remaining doubt as to burden is dispelled by Defendants' scheduling request: they seek a two-week extension *regardless of which protocol is adopted*, meaning either proposed log can be created in the same time. The Court should enter Plaintiffs' privilege log protocol.

---

[1] *See, e.g.*, *U.S. Bank Nat'l Assoc. v. Triaxx Asset Mgmt.*, No. 18-cv-4044, 2021 WL 1968325, at *4 (S.D.N.Y. Mar. 31, 2021) (considering and rejecting categorical privilege log); *In re Aenergy*, 451 F. Supp. 3d 319, 325-26 (S.D.N.Y. 2020) (same); *Chevron Corp. v. Salazar*, No. 11-cv-3718, 2011 WL 4388326 (S.D.N.Y. Sept. 20, 2011) (same).
[2] (Ex. C at 17:22-18:5.)  If the Court finds even this burden to be undue, the Court could enter Plaintiffs' proposal but strike Section 3.C.viii; this would permit the production of logs without email subjects or document titles.

Dated: April 15, 2022                                        Respectfully submitted,

*/s/ Greg Arnold*                                            */s/ Steve D. Shadowen*
Thomas M. Sobol                                              Steve D. Shadowen*
Gregory T. Arnold                                            Matthew C. Weiner
Rachel Downey                                                Tina Miranda
Abbye Klamann Ognibene                                       Deirdre Mulligan
**HAGENS BERMAN SOBOL SHAPIRO LLP**                          **HILLIARD & SHADOWEN LLP**
55 Cambridge Parkway, Suite 301                              1135 W. 6th St.
Cambridge, MA 02142                                          Suite 125
Tel: (617) 482-3700                                          Austin, TX 78703
Fax: (617) 482-3003                                          Telephone: (855) 344-3298
tom@hbsslaw.com                                              steve@hilliardshadowenlaw.com
grega@hbsslaw.com                                            matt@hilliardshadowenlaw.com
racheld@hbsslaw.com                                          tmiranda@hilliardshadowenlaw.com
abbyeo@hbsslaw.com                                           dmulligan@hilliardshadowenlaw.com
                                                             *Interim Co-Lead Counsel

Whitney E. Street
**HAGENS BERMAN SOBOL SHAPIRO LLP**                          Jayne A. Goldstein, Esq.*
715 Hearst Avenue, Suite 202                                 **MILLER SHAH LLP**
Berkeley, CA 94710                                           1625 N. Commerce Parkway
Tel: (925) 204-9959                                          Suite 320
whitneyst@hbsslaw.com                                        Ft. Lauderdale, FL 33326
                                                             Direct Dial: 954-903-3170
*Counsel for plaintiff Meijer, Inc., Meijer                  954-515-0123
Distribution, Inc., and interim co-lead                      jagoldstein@millershah.com
counsel for the proposed direct purchaser                    *Interim Co-Lead Counsel
class*

                                                             Natalie Finkelman Bennett
Joseph M. Vanek                                              **MILLER SHAH LLP**
John Bjork                                                   1845 Walnut St., Suite 806
Ashima Talwar                                                Philadelphia, PA 19103
Trevor Scheetz                                               P: (866) 540-5505
David P. Germaine                                            nfinkelman@millershah.com
**SPERLING & SLATER, P.C.**
55 W. Monroe, Suite 3500                                     Laurie Rubinow
Chicago, IL 60603                                            **MILLER SHAH LLP**
Telephone: (312) 224-1500                                    875 Third Avenue, Suite 800
Facsimile: (312) 224-1510                                    New York, NY 10022
jvanek@sperling-law.com                                      Telephone: (212) 419-0156
jbjork@sperling-law.com                                      lrubinow@millershah.com
atalwar@sperling-law.com                                     *Interim Liaison Counsel
tscheetz@sperling-law.com
dgermaine@sperling-law.com                                   Kenneth A. Wexler*
                                                             Kara A. Elgersma
Natasha J. Fernández-Silber                                  Justin Boley

<div style="column-count:2">

**RADICE LAW FIRM PC**
475 Wall St. Princeton, NJ 08540
Tel: (908) 217-7399
nsilber@radicelawfirm.com

*Counsel for plaintiffs Meijer, Inc. and Meijer Distribution, Inc. and the proposed direct purchaser class*

Linda P. Nussbaum
Brett Leopold
Peter Moran
**NUSSBAUM LAW, P.C.**
1211 Avenue of the Americas,
40th Floor
New York, NY 10036-8718
(917) 438-9189
lnussbaum@nussbaumpc.com
bleopold@nussbaumpc.com
pmoran@nussbaumpc.com

*Counsel for Plaintiff César Castillo, Inc. and the proposed direct purchaser class*

Tyler Story
**WEXLER BOLEY & ELGERSMA LLP**
55 W. Monroe Street, Suite 3300
Chicago, IL 60603
Telephone: (312) 346-2222
Facsimile: (312) 346-0022
kaw@wexlerwallace.com
kae@wexlerwallace.com
jnb@wexlerwallace.com
tjs@wexlerwallace.com
\* Interim Co-Lead Counsel

Michael M. Buchman\*
Michelle Clerkin
Jacob Onile-Ere
Johnny Shaw
**MOTLEY RICE LLC**
777 Third Avenue, Fl 27
New York, New York 10017
Telephone: (212) 577-0040
MBuchman@motleyrice.com
mclerkin@motleyrice.com
jonileere@motleyrice.com
jshaw@motleyrice.com
\*Interim Co-Lead Counsel

Sharon K. Robertson
Donna M. Evans
Aaron J. Marks
**COHEN MILSTEIN SELLERS & TOLL, PLLC**
88 Pine Street, 14th Floor
New York, NY 10005
Telephone: (212) 838-7797
Facsimile: (212) 838-7745
srobertson@cohenmilstein.com
devans@cohenmilstein.com
amarks@cohenmilstein.com

*Counsel for the proposed end-payor class*

</div>

## CERTIFICATE OF SERVICE

I, Aaron J. Marks, hereby certify that I caused a copy of the foregoing to be filed electronically via the Court's CM/ECF system. Those attorneys who are registered CM/ECF users may access this filing and notice of this filing will be sent to those parties by operation of the CM/ECF system.

Dated: April 15, 2022                                         <u>*/s/ Aaron J. Marks*</u>