# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE ACTOS ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO :<br><br>ALL ACTIONS | Master File No. 1:13-cv-09244-RA-SDA |

### [PROPOSED] PRIVILEGE LOG ORDER

This Protocol shall govern the logging of purportedly privileged documents, electronically stored information (ESI), and other materials in these actions and all other matters subsequently consolidated with these actions.

**1. General Principles.**

    A.    A party may withhold from production information or documents on the grounds of attorney-client privilege or work product protection.

    B.    The party asserting a privilege for material shall provide privilege log(s) explicitly identifying the privilege asserted for the material and containing information sufficient to enable the opposing party to assess the applicability of the privilege as provided for in Fed. R. Civ. P. 26(b)(5), including but not limited to the nature of the documents, communications, information, or tangible things not produced and disclosed.

**2. General Procedures and Protocols.**

    A.    Except as otherwise agreed in the operative case schedule, any privilege logs provided in lieu of producing requested documents shall be provided no more than 21 days after the date upon which the document group from which the withheld documents were withheld was produced, unless such document group is produced on or after August 1, 2022, in which case corresponding privilege logs shall be produced concurrently with the production of documents.

    B.    No party shall be required to list on a privilege log privileged or work-product documents prepared for the prosecution or defense of these actions or constituting or disclosing communications within clients or between clients and their counsel related to these actions. However, this provision does not affect any duty under applicable law to preserve such materials.

  C. To the extent that a response to discovery requires a party to provide a production set from a prior litigation or government investigation, the privilege logs from those proceedings/litigations will be sufficient to inform the requesting party of the documents that were withheld or redacted. The privilege logs from those proceedings/litigations will be produced in native Excel file format, if available. The producing party does not need to re-log these documents on another privilege log. For the avoidance of doubt, nothing in this paragraph is intended to prevent the requesting party from challenging logs or documents reflected in logs from prior proceedings/litigations.

**3. Log Format and Contents.**

  A. Privilege logs shall be produced as a native Excel spreadsheet.

  B. Each subsequent log shall contain the entirety of the prior privilege log and new entries shall begin with the next document entry number following the prior served log. Each subsequent log shall identify in its title the date the subsequent log is produced to the receiving party. When an entry is subsequently removed from a log, the entry shall remain on subsequent logs with a notation "Produced Entirely" or "Produced Redacted" in a field named "Document Status."

  C. For each document withheld or redacted based on a claim of privilege or work product, the entry for each document shall list the following information available for the document, to the extent such information is not itself protected from disclosure. The withholding party shall be entitled to use existing metadata to populate such fields if available; however, documents that lack associated metadata (e.g., scanned paper documents) must nonetheless have the following information logged if withheld or redacted.

    i. a unique privilege log "control number" in a "Log Index Number" field;

    ii. the beginning Bates number of the slipsheet representing the document, when applicable in a "Beg. Bates" field;

    iii. the nature of the privilege asserted, *e.g.*, "attorney-client privilege" or "work product," in a "Priv. Asserted" field (the withholding party may use codes to identify the nature of the privilege asserted, so long as the party provides a legend that enables other parties to understand the codes);

    iv. name(s) of the author(s) of the document in an "Author" field;

    v. name(s) of the sender and recipient(s)—and, in the case of emails, each person shown in the "From," "To," "CC," and "BCC" fields, including the

     email address of each individual in all of these fields, with each field being separately delineated "From," "To," "CC," and "BCC";[1]

   vi. if known or discernable from the document or metadata, the date and time the document was (1) created, (2) sent (if applicable), and (3) last modified (if applicable) in "DateTime Created," "DateTime Sent" and "DateTime Last Modified," respectively;

   vii. if known or discernable from the document or metadata, the custodial file in which the document was located in a "All Custodians" field;

   viii. the subject of the document—

     (1) for emails, the "RE" line in a "Email Subject" field,

     (2) for non-email documents, the file name or title in a "File Name" field;

   ix. the document type by file extension in a "File Extension" field;

   x. all custodian(s) of the document in a "Custodian" field;

   xi. family relationship (*e.g.*, parent, attachment, or standalone);

   xii. indication of whether the document has been redacted or withheld in a "Redacted/Withheld" field;

   xiii. in a field labelled "Description," (1) a written description of the nature and purpose of the communication sufficient for the receiving party to assess the assertion of privilege, work product, or other protection, or (2) a code corresponding to a category that identifies the same (so long as the withholding party also produces a legend enabling the receiving party to associate specific codes with specific categories); and[2]

   xiv. with respect to partially privileged documents produced in redacted form, a party must also include the Bates number.

  D. With respect to attachments withheld or redacted on privilege grounds, a party must provide separate log entries for each, to appear in sequential order immediately

---

[1] If no attorney is identified as having sent, authored, or received the logged document, the producing party shall separately identify in some other manner in the description of the document the source of the advice, counsel, or involvement that supports the assertion of privilege. If known or ascertainable, individual names shall be logged to identify the counsel who provided legal advice or was asked to provide legal advice rather than logging only the name of a law firm or in-house legal department.

[2] Examples of suitable descriptions include, *e.g.*, "communication seeking legal advice from [name of lawyer] re: contract concerning API with Actos API provider"; "communication providing legal advice about and attaching draft distribution and supply contract for Actos with U.S. wholesaler"; "communication regarding legal advice provided by counsel regarding Takeda's patent(s)."

        following the log entry for the parent document (if the parent document is withheld in whole or in part as privileged), and contain all information called for in Section 3.C for each attachment.

    E.    The privilege log shall contain entries for all lesser-included emails that a party has withheld or redacted. These entries shall immediately follow the entry for the associated most-inclusive email and contain the information called for in Section 3.C.

    F.    Compliance with paragraphs 3.C, 3.D, and 3.E shall satisfy a Party's obligation to log email threads. However, a Party may not claim an entire email thread to be privileged when it believes only some portion to be entitled to the privilege. All such partially privileged email threads must be redacted, the basis for the assertion of privilege identified, and the rest of the email thread produced.

    G.    Each privilege log shall be accompanied by a list of all attorneys identified in the log to support a claim of privilege, along with information for each attorney sufficient to determine—

        i.    the employer (law firm or other organization) with whom they are affiliated;

        ii.    the manner in which they are identified in the log, *e.g.*, by email address;

        iii.    the country in which they are barred or licensed, and, for attorneys barred or licensed in Japan, whether they are a bengoshi or a benrishi.

**4. Resolution of Disputes**

    A.    Should a party be unable to ascertain whether or not a document contained on the log is privileged or have reason to believe a particular entry on the log does not reflect privileged information, the party may request a meet and confer, and the parties must meet and confer about such deficiencies within 10 days.

    B.    Following any such meet and confer between the parties, the producing party shall use best efforts to produce additional information sought by the requesting party, within 14 days.

**5. Disclosed Privileged Information.**

    A.    Federal Rule of Evidence 502 shall apply in all respects.

    B.    Any party receiving materials that clearly appear to be privileged shall not copy, distribute, or otherwise use such materials in any manner and shall provide prompt notice to the producing party to afford an opportunity to confirm whether privileged information has been disclosed.

    C.    If a disclosing party notifies the receiving party that privileged information has been disclosed, the receiving party shall comply with Fed. R. Civ. P. 26(b)(5)(B) and confirm that the receiving party has complied with its requirements.

    D.    As soon as is reasonably feasible, and in any event no later than 7 days after the producing party's notification to the receiving party that privileged information has been disclosed, the producing party must provide a complete privilege log entry for each such document in accordance with the terms of Section 3, *supra*. However, if the producing party's notification is sent within 48 hours of a scheduled deposition, the privilege log must be sent contemporaneously with the notice.

    E.    To contest any claim of privilege with respect to disclosed privileged information, the receiving party shall raise the issue with the producing party in writing with sufficient detail so that the producing party may understand the receiving party's complaint. The producing party shall respond in writing within 7 days, and if the response does not satisfy the receiving party, then the parties shall meet and confer. If the dispute as to the privileged or non-privileged nature of the materials cannot be resolved, then the receiving party may seek relief from the Court pursuant to the Court's practices. In the event of a motion compelling production of the contested material:

        i.    The producing party shall retain the burden of establishing its privilege or work product claims.

        ii.    The motion shall be filed or lodged conditionally under seal; any disclosed privileged information attached to or disclosed in the motion shall be deemed submitted solely for the Court's *in camera* review.

**6.**     **Harmonization with Other Orders and Agreements**

    A.    Unless expressly provided otherwise, nothing in this stipulation is intended to amend the parties' prior agreements and Court Orders regarding discovery, including the operative ESI Protocol and Protective Order in these actions.

**SO ORDERED.**

Dated: _____, 2022  
New York, New York

_____  
Hon. Stewart D. Aaron  
United States Magistrate Judge