**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE ACTOS ANTITRUST LITIGATION | |
| THIS DOCUMENT RELATES TO: | Master File No. 1:13-cv-09244 (RA) (SDA) |
| ALL ACTIONS | **PRIVILEGE LOG ORDER** |

*USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #:_____ DATE FILED: 4/16/2022*

**STEWART D. AARON, United States Magistrate Judge:**

The Court having reviewed the parties' competing proposals for a privilege log protocol (*see* ECF Nos. 375-1 and 376-1), hereby Orders that the following Protocol shall govern the logging of purportedly privileged documents, electronically stored information (ESI), and other materials in these actions and all other matters subsequently consolidated with these actions:

1. **General Principles.**

   A. A party may withhold from production information or documents on the grounds of attorney-client privilege or work product protection.

   B. "When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5).

   C. "[W]hen asserting privilege on the same basis with respect to multiple documents, it is presumptively proper to provide the information required by this rule by group or category. A party receiving a privilege log that groups documents or otherwise departs from a document-by-document or communication-by-communication listing may not object solely on that basis, but may object if the substantive information required by [Local Civil Rule 26.2] has not been provided in a comprehensible form." Local Civil Rule 26.2(c).

2.  **General Procedures And Protocols.**

    A.  Except as otherwise agreed in the operative case schedule, any privilege logs provided in lieu of producing requested documents shall be provided no more than 21 days after the date upon which the document group from which the withheld documents were withheld was produced, unless such document group is produced on or after August 1, 2022, in which case corresponding privilege logs shall be produced concurrently with the production of documents.

    B.  No party shall be required to list on a privilege log privileged or work-product documents prepared for the prosecution or defense of these actions or constituting or disclosing communications within clients or between clients and their counsel related to these actions. However, this provision does not affect any duty under applicable law to preserve such materials.

    C.  To the extent that a response to discovery requires a party to provide a production set from a prior litigation or government investigation, the privilege logs from those proceedings/litigations will be sufficient to inform the requesting party of the documents that were withheld or redacted. The privilege logs from those proceedings/litigations will be produced in native Excel file format, if available. The producing party does not need to re-log these documents on another privilege log. For the avoidance of doubt, nothing in this paragraph is intended to prevent the requesting party from challenging logs or documents reflected in logs from prior proceedings/litigations.

3.  **Log Format And Contents.**

    A.  Privilege logs shall be produced in Excel format or a similar electronic format that allows text searching and organization of data.

    B.  For documents withheld or redacted based on a claim of privilege or work product, the producing party may provide the information in paragraph 3.C, *infra*, (i) on a document by-document basis, or (ii) by group or category, if asserting privilege on the same basis with respect to multiple documents, so long as the information provided enables the receiving party to meaningfully assess the privilege claim.

    C.  Whether logging the documents individually or by group or category, the producing party shall list the following information on the log:

        i.   A unique privilege log "control number" for each document, or group or category of documents, withheld from disclosure;

        ii.  the date of the document or the date range of the documents if logged by group or category;

       iii.     the authors/senders and recipients—and, in the case of emails, each person shown in the "From," "To," "CC," and "BCC" fields—on the document or documents and the affiliation of the authors/senders and recipients;

       iv.     the general subject matter of the document or documents in a way that is specific enough to allow the receiving party to assess the claim of privilege, but that does not reveal information itself privileged or protected;

       v.     the type of document or documents, *e.g.*, email, PDF, Excel;

       vi.     the nature of the privilege asserted, *e.g.*, "attorney-client privilege" or "work product;"

       vii.     if logged by group or category, the total number of documents in each group or category; and

       viii.     with respect to each partially privileged document produced in redacted form, a party must include the Bates number.

D.     Each privilege log shall be accompanied by a list of all attorneys identified in the log to support a claim of privilege, along with information for each attorney sufficient to determine—

       i.     the employer (law firm or other organization) with whom they are affiliated;

       ii.     the manner in which they are identified in the log, *e.g.*, by email address; and

       iii.     the country in which they are barred or licensed, and, for attorneys barred or licensed in Japan, whether they are a bengoshi or a benrishi.

**4.**    **Resolution Of Disputes.**

A.     Should a party be unable to ascertain whether or not a document contained on the log is privileged or have reason to believe a particular entry on the log does not reflect privileged information, the party may request a meet and confer, and the parties must meet and confer about such deficiencies within 10 days.

B.     Following any such meet and confer between the parties, the producing party shall use best efforts to produce additional information sought by the requesting party, within 14 days.

5. **Disclosed Privileged Information.**

   A. Federal Rule of Evidence 502 shall apply in all respects.

   B. Any party receiving materials that clearly appear to be privileged shall not copy, distribute, or otherwise use such materials in any manner and shall provide prompt notice to the producing party to afford an opportunity to confirm whether privileged information has been disclosed.

   C. If a disclosing party notifies the receiving party that privileged information has been disclosed, the receiving party shall comply with Fed. R. Civ. P. 26(b)(5)(B) and confirm that the receiving party has complied with its requirements.

   D. As soon as is reasonably feasible, and in any event no later than 7 days after the producing party's notification to the receiving party that privileged information has been disclosed, the producing party must provide a complete privilege log entry for each such document in accordance with the terms of Section 3, *supra*. However, if the producing party's notification is sent within 48 hours of a scheduled deposition, the privilege log must be sent contemporaneously with the notice.

   E. To contest any claim of privilege with respect to disclosed privileged information, the receiving party shall raise the issue with the producing party in writing with sufficient detail so that the producing party may understand the receiving party's complaint. The producing party shall respond in writing within 7 days, and if the response does not satisfy the receiving party, then the parties shall meet and confer. If the dispute as to the privileged or non-privileged nature of the materials cannot be resolved, then the receiving party may seek relief from the Court pursuant to the Court's practices. In the event of a motion compelling production of the contested material:

      i. The producing party shall retain the burden of establishing its privilege or work product claims.

      ii. The motion shall be filed or lodged conditionally under seal; any disclosed privileged information attached to or disclosed in the motion shall be deemed submitted solely for the Court's *in camera* review.

**6.     Harmonization With Other Orders And Agreements.**

    A.     Unless expressly provided otherwise, nothing in this stipulation is intended to amend the parties' prior agreements and Court Orders regarding discovery, including the operative ESI Protocol and Protective Order in these actions.

**SO ORDERED.**

Dated:     New York, New York
          April 16, 2022

_____
STEWART D. AARON
United States Magistrate Judge