USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/27/2022

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE ACTOS ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Master File No. 1:13-cv-09244-RA-SDA |

**STIPULATION REGARDING DOCUMENTS PRODUCED BY**
**NONPARTY GENERIC DRUG MANUFACTURERS**

**WHEREAS** United Food and Commercial Workers Local 1776 & Participating Employers Health and Welfare Fund ("UFCW Local 1776"), Crosby Tugs, LLC ("Crosby Tugs"), International Union of Operating Engineers Local 132 Health and Welfare Fund ("IUOE Local 132"), NECA-IBEW Welfare Trust Fund ("NECA-IBEW"), City of Providence, Rhode Island ("Providence"), Painters District Council No. 30 Health & Welfare Fund ("Painters Fund"), Minnesota and North Dakota Bricklayers and Allied Craftworkers Health Fund ("Bricklayers and Allied Craftworkers Fund"), New England Electrical Workers Benefits Fund ("NEEWBF"), MAN-U Service Contract Trust Fund ("MAN-U"), and 1199 SEIU (collectively, "End Payor Plaintiffs"); American Sales Corporation, Cesar Castillo, Inc., Meijer Inc., and Meijer Distribution Inc. (collectively, "Direct Purchaser Plaintiffs," and together with the End Payer Plaintiffs, simply "Plaintiffs"); and Takeda Pharmaceutical Co. Ltd., Takeda America Holdings, Inc., Takeda Pharmaceuticals U.S.A., Inc. and Takeda Development Center Americas, Inc. (collectively, "Defendants" or "Takeda") (together with all Plaintiffs, the "Parties") have served Subpoenas to Produce Documents on several nonparty generic drug manufacturers, pursuant to Fed. R. Civ. P. 45 (the "Subpoenas"), in connection with the above-captioned litigation (the "Action");

**WHEREAS,** several nonparty generic drug manufacturers have responded and objected to the Subpoenas, have met and conferred with the Parties, and have agreed to produce certain documents in response to the Subpoenas, provided those materials exist, are reasonably accessible, and are not legally privileged or otherwise unable to be produced;

**WHEREAS,** one or more nonparty generic drug manufacturer(s) have agreed to produce one or more responsive documents only under an "Outside Counsel's Eyes Only" designation;

**WHEREAS,** the Parties, through their respective counsel of record, hereby stipulate to the following:

1. To the extent any nonparty generic drug manufacturer chooses to designate documents produced in response to the Subpoena(s) as "Highly Confidential Material" pursuant to § 2 of Stipulated Protective Order, entered by the Court in this Action on March 18, 2015 (Dkt. No. 190, which also governs DPP action per Dkt. No. 305) (the "Protective Order"), they may choose to further designate such documents "Highly Confidential Material—Outside Counsel's Eyes Only."

2. "Highly Confidential Material—Outside Counsel's Eyes Only" shall mean Highly Confidential Material that the designating nonparty generic drug manufacturer reasonably believes to contain highly confidential and/or competitively sensitive information the disclosure of which would cause the Designating Party competitive and commercial harm.

3. Material designated "Highly Confidential Material—Outside Counsel's Eyes Only" shall be governed in all respects by the provisions of the Protective Order concerning Highly Confidential Material, with one exception: unlike Highly Confidential Material (see Protective Order § 4.b.), material designated "Highly Confidential Material—Outside Counsel's Eyes Only" shall not be disclosed to in-house counsel for the Parties under any circumstances. For the

avoidance of doubt, Parties may challenge "Highly Confidential Material—Outside Counsel's Eyes Only" designations under § 7 of the Protective Order.

4. This stipulation between the Parties is binding upon, without limitation, all current and future parties in this action (including their respective corporate parents, subsidiaries, affiliates, successors, and attorneys and all other representatives or agents), and their counsel; all other persons or entities authorized under the Protective Order or any other order of this Court to receive or view Highly Confidential Material; and all other interested persons or entities with actual or constructive notice of this stipulation or the Protective Order.

SO STIPULATED AND AGREED.

Agreed to:

Dated: September 26, 2022            ELLIOTT KWOK LEVINE & JAROSLAW LLP

By:   /s/ Rachel J. Rodriguez
      Mark M. Elliott
      Rachel J. Rodriguez
565 Fifth Avenue, 7th Floor
New York, NY 10017
(212) 321-0510
melliott@ekljlaw.com
rrodriguez@ekljlaw.com

*Attorneys for Takeda Pharmaceutical Company Limited, Takeda Americas Holdings, Inc., Takeda Pharmaceuticals U.S.A., Inc., and Takeda Development Center Americas, Inc.*

Dated: September 26, 2022                HAGENS BERMAN SOBOL SHAPIRO LLP


By:   /s/ Greg Arnold
      Greg Arnold
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
617-482-3700
grega@hbsslaw.com

*Counsel for the Proposed Direct Purchaser Class*


Dated: September 26, 2022                HILLIARD SHADOWEN LLP


By:   /s/ Steve D. Shadowen
      Steve D. Shadowen
1135 W. 6th St., Ste. 125
Austin, Texas 78703
Tel: (855) 344-3928
steve@hilliardshadowenlaw.com

*Counsel for the Proposed End-Payor Class*


SO ORDERED.

_____
Hon. Stewart D. Aaron
U.S. Magistrate Judge

Dated: September 27, 2022

4