UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE ACTOS ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Master File No. 1:13-cv-9244-RA-SDA |

**MEMORANDUM OF LAW IN SUPPORT OF TAKEDA'S RULE 72(a) OBJECTION TO THE OCTOBER 21, 2022 ORDER ON DEPOSITIONS OF JAPANESE WITNESSES**

## INTRODUCTION

This is a putative antitrust class action against Takeda Pharmaceutical Company Limited, Takeda America Holdings, Inc., Takeda Pharmaceuticals U.S.A., Inc., and Takeda Development Center Americas, Inc. (collectively, "Takeda"). Plaintiffs in this case seek to depose, among others, several current and former employees of Takeda who reside in Japan. In negotiating the deposition protocol to govern the case, the parties disagreed on the location of those depositions. The Magistrate Judge resolved the issue by ordering Takeda to make these Japanese witnesses available for depositions "in a suitable location outside of Japan," *see* ECF No. 444 at 9 (the "Order"), even though Plaintiffs never sought that relief and instead asked that if Takeda was unwilling to voluntarily produce these Japanese witnesses outside of Japan it be required to forgo having them testify at trial. The Order is contrary to law because these Japanese witnesses cannot be compelled to leave Japan for depositions. Takeda therefore requests that the Court reverse the Order and adopt Takeda's proposal to make these witnesses available in Japan for remote depositions in which Takeda will waive the Japanese procedures governing these depositions and agree that the Federal Rules of Civil Procedure apply. Alternatively, Takeda requests that the Court reverse the Order and preclude Takeda from calling any of these witnesses at trial whom it does not voluntarily produce for depositions outside of Japan.

## BACKGROUND

Over several months, Takeda and Plaintiffs negotiated a deposition protocol for this case. The parties could not agree on three provisions, including the one governing the location of depositions of Japanese witnesses who are current employees of Takeda or are former employees whom Takeda's counsel represents. *See* ECF No. 438. Based on Rule 30(b)(1) deposition notices that Plaintiffs issued, these potential Japanese deponents include two current and three former

Takeda employees, *see* Ex. A, and Plaintiffs recently confirmed that they presently intend to depose all these individuals. We believe the three former employees are of advanced age. These former employees have not worked for Takeda for years, including one who retired from Takeda in 2000.

The parties submitted this dispute to the Magistrate Judge. Takeda's position was that it will make these witnesses available in Japan for remote depositions and will waive the limitations on remote depositions in Japan and agree that the Federal Rules of Civil Procedure will apply to these depositions. ECF No. 440 at 3. Plaintiffs' position was that if Takeda does not agree to make these witnesses available in the United States or another forum where the Federal Rules of Civil Procedure apply, it must be precluded from calling these witnesses to testify at trial. ECF No. 438 at 3. In deciding this issue, the Order went further than Plaintiffs' requested relief, mandating that depositions of Japanese witnesses who are current employees or former employees represented by Takeda's counsel "shall be held in a suitable location outside of Japan." ECF No. 444 at 9. Takeda objects to the Order's requirement that it make these witnesses available for depositions outside of Japan.

## ARGUMENT

Under Federal Rule of Civil Procedure 72(a), for non-dispositive matters such as the Order, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." "An order is 'contrary to law' when it 'fails to apply or misapplies relevant statutes, case law or rules of procedure.'" *NIKE, Inc. v. Wu*, 349 F. Supp. 3d 346, 353 (S.D.N.Y. 2018). The Order is contrary to Federal Rule of Civil Procedure 30 because it impermissibly requires Takeda to make the current

2

employees and former employees represented by Takeda's counsel available for depositions outside of Japan.

Under Rule 30(b)(1), a person "may be compelled to give testimony pursuant to a notice of deposition" only if that person is "a specific officer, director, or managing agent of a corporate party." *Cambridge Capital LLC v. Ruby Has LLC*, No. 20-cv-11118, 2022 WL 889143, at *1 (S.D.N.Y. Mar. 24, 2022). As a result, "[a] corporate employee or agent who does not qualify as an officer, director, or managing agent is not subject to deposition by notice." *Id.* Rather, "[s]uch a witness must be subpoenaed pursuant to Rule 45 of the Federal Rules of Civil Procedure, or, if the witness is overseas, the procedures of the Hague Convention or other applicable treaty must be utilized." *United States v. Afram Lines (USA), Ltd.*, 159 F.R.D. 408, 413 (S.D.N.Y. 1994).

Here, the current and former Takeda employees residing in Japan are not officers or directors, so they can be compelled to give testimony by a Rule 30(b)(1) deposition notice only if they are deemed to be Takeda's managing agents. That determination turns on certain factors, and Plaintiffs—as the "examining party"—bear the burden of establishing that each of these witnesses is a managing agent. *Id.* at 413. Because Plaintiffs have not even attempted to meet their burden here, these witnesses cannot be considered managing agents of Takeda. Moreover, none of the three former employees, none of whom has worked for Takeda for years, can be considered a managing agent. *See Boss Mfg. Co. v. Hugo Boss AG*, No. 97-cv-8495, 1999 WL 20828, at *2 (S.D.N.Y. Jan. 13, 1999) ("As a general matter, a corporation cannot be required to produce a former officer or agent for deposition since it does not have control over him."); *In re Ski Train Fire of Nov. 11, 2000 Kaprun Austria*, No. MDL 1428, 2006 WL 1328259, at *9 (S.D.N.Y May 16, 2006) ("There is simply no authority for the proposition that a corporate party must produce for deposition fact witnesses who are not employed by, and do not speak for, that

3

party."); *In re Terrorist Attacks on Sept. 11, 2011*, No. 03-MDL-01570, 2020 WL 8611024, at *3 (S.D.N.Y. Aug. 27, 2020) ("The determination of a deponent's status as a 'managing agent' is 'determined as of the time of the deposition, not as of the time when the activities in the litigation occurred.'"). The fact that Takeda's counsel may represent these individuals at their depositions does not change the analysis, or render these witnesses under Takeda's (or counsel's) control. Thus, unless Takeda agrees otherwise, Plaintiffs must depose these Japanese witnesses in Japan following Japanese procedures. *See Ski Train*, 2006 WL 1328259, at *9 (holding that the witnesses "must be deposed in Austria according to Austrian procedures" because they are not "within the subpoena power of this or any other federal court").

Instead of arguing in their motion that Takeda should be *required* to make these witnesses available for depositions outside of Japan, Plaintiffs asserted that if Takeda does not *agree* to do so, "it must be precluded from calling those same witnesses to testify at trial." ECF No. 438 at 3. Plaintiffs' position was based on the purportedly "onerous limitations imposed on remote depositions in Japan," which would supposedly prevent Plaintiffs from conducting "full or meaningful" depositions of these witnesses. *Id.* But as Takeda explained in its response to Plaintiffs' motion, Plaintiffs will be able to conduct remote depositions in Japan just as they would in the United States because Takeda will waive the limitations on remote depositions in Japan and will agree that the Federal Rules of Civil Procedure apply to these depositions for the witnesses its counsel represents. ECF No. 440 at 3. Takeda further explained that over the last two years it has made many of its Japanese witnesses in other cases available for remote depositions in this unrestricted manner, and the opposing parties in those cases conducted those depositions without any impediment. *Id.* For these reasons, Takeda emphasized, holding remote depositions of these witnesses in Japan will afford Plaintiffs the opportunity to conduct

4

meaningful depositions of these witnesses in a manner that is most efficient, convenient, and cost-effective for the witnesses, all parties, and all parties' counsel. *Id.* at 3-4.

The Order erroneously rejected Takeda's offer to waive the limitations on remote depositions in Japan. First, the Order asserted that Takeda's ability to waive these limitations is a "dubious proposition." ECF No. 444 at 7. Yet other courts have endorsed such waivers in ordering depositions to take place in witnesses' home countries, including in Japan. In *Dwelly v. Yamaha Motor Corp.*, for example, the court required the plaintiff to depose a Japanese witness in Japan due to "Defendants' representation that they were waiving any insistence on adherence to Japanese procedures if the deposition were taken in Japan. 214 F.R.D. 537, 541 (D. Minn. 2003); *see also Boss Mfg. Co.,* 1999 WL 20828, at *2 (emphasizing that "defendant represents that [the witness] is willing to waive the otherwise applicable requirement that plaintiff proceed under the terms of the Hague Convention, and instead will comply with a notice of deposition, provided that the deposition is held in Germany"). Second, the Order concludes that even if Takeda can waive these requirements, "[the Magistrate Judge] declines to infringe Japan's sovereignty by compelling discovery in Japan in a manner contrary to Treaty requirements." ECF No. 444 at 7. Takeda respectfully contends, however, that *the Order* infringes Japan's sovereignty by compelling Japanese witnesses over which the Court lacks jurisdiction to appear in the United States rather than be deposed in a more convenient and cost-effective manner via remote depositions from their home country.

## **CONCLUSION**

For the foregoing reasons, Takeda respectfully requests that the Court reverse the Order requiring Takeda to make these Japanese witnesses available for depositions outside of Japan and order that these witnesses may be deposed via remote depositions if Takeda waives the

Japanese requirements on remote depositions and agrees that the Federal Rules of Civil Procedure will apply to these depositions. Alternatively, Takeda requests that the Court reverse the Order and enter an order precluding Takeda from calling at trial any of these witnesses residing in Japan whom it does not voluntarily produce for deposition outside of Japan.

                                  Respectfully submitted,

Dated: November 4, 2022

                /s/ Steven A. Reed
                Steven A. Reed (admitted *pro hac vice*)
                R. Brendan Fee (admitted *pro hac vice*)
                Melina R. DiMattio (admitted *pro hac vice*)
                D. Patrick Huyett (admitted *pro hac vice*)
                Mark J. Fanelli (admitted *pro hac vice*)

                MORGAN, LEWIS & BOCKIUS LLP
                1701 Market Street
                Philadelphia, PA 19103
                Telephone: (215) 963-5000
                steven.reed@morganlewis.com
                brendan.fee@morganlewis.com
                melina.dimattio@morganlewis.com
                patrick.huyett@morganlewis.com
                mark.fanelli@morganlewis.com

                *Attorneys for Defendants Takeda Pharmaceutical Company Limited, Takeda America Holdings, Inc., Takeda Pharmaceuticals U.S.A., Inc., and Takeda Development Center Americas, Inc.*