```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/5/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE ACTOS ANTITRUST LITIGATION

THIS DOCUMENT RELATES TO:

ALL ACTIONS

Master File No. 1:13-cv-09244 (RA) (SDA)

**AMENDED OPINION AND ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

Pending before the Court is Plaintiffs' Letter Motion addressing certain disputes that have arisen concerning the parties' Deposition Protocol. (Pls.' 10/14/22 Ltr. Mot., ECF No. 438.) The Court resolves these disputes as set forth in the Conclusion below.

**BACKGROUND**

This is an antitrust class action by Direct Purchaser and End-Payor Plaintiffs against Defendants Takeda Pharmaceutical Co. Ltd. ("TPCL"), Takeda America Holdings, Inc., Takeda Pharmaceuticals U.S.A., Inc. and Takeda Development Center Americas, Inc. (collectively, "Defendants"). *See United Food & Com. Workers Loc. 1776 & Participating Emps. Health & Welfare Fund v. Takeda Pharm. Co. Ltd.*, 11 F.4th 118, 129 (2d Cir. 2021). Defendant TPCL is a Japanese company with its principal place of business in Osaka, Japan. (*See* Fourth Am. Compl., ECF No. 255, ¶ 28.) The other Defendants are incorporated, and have their principal places of business, in the United States. (*See id*. ¶¶ 29-31.)

The parties for the most part have agreed to the provisions of a Deposition Protocol to be used in this action. (*See* Pls.' 10/14/22 Ltr. Mot. at 1 & Ex. 1.) However, three disputes remain: (1) the number of depositions; (2) the location of depositions of Japanese witnesses; and (3) the

length of interpreter-assisted depositions. (*See* Pls.' 10/14/22 Ltr. Mot. at 1-3; *see also* Defs.' 10/19/22 Resp., ECF No. 440, at 1-3.)

## DISCUSSION

### I. Number of Depositions

#### A. Legal Standards

Rule 30 of the Federal Rules of Civil Procedure requires leave of court for Plaintiffs or Defendants to take more than 10 depositions. *See* Fed. R. Civ. P. 30(a)(2)(A)(i). The number of depositions also may be expanded by joint stipulation. *See* Fed. R. Civ. P. 30(a)(2)(A); *see also* Fed. R. Civ. P. 29 (governing stipulations about discovery procedure). Rule 26(b)(2)(C) contains factors a court may consider when a party seeks to exceed the ten deposition limit, *i.e.*, whether (1) "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive," (2) "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action," and (3) "the proposed discovery is outside the scope permitted by Rule 26(b)(1) [that is, the discovery must be proportional to the needs of the case]." *See* Fed. R. Civ. P. 26(b)(2)(C) (governing when court must limit frequency or extent of discovery).

#### B. Analysis

Plaintiffs assert that they should be permitted to take 25 depositions of Defendants' former and current employees and outside counsel, plus 20 hours of 30(b)(6) deposition testimony. (*See* Pls.' 10/14/22 Ltr. Mot. at 1-2; Pls.' 10/20/22 Reply, ECF No. 440, at 1-2.) In support of their assertion, Plaintiffs point to the 25 custodians from whom Defendants produced documents, the 29 individuals identified by Defendants in their interrogatory responses and the

35 current and former employees of Defendants who Plaintiffs "initially identified . . . as potential deponents." (*See id*.) Defendants assert that Plaintiffs should be limited to 12 depositions of Defendants' former and current employees and outside counsel, inclusive of a Rule 30(b)(6) deposition. (*See* Defs.' 10/19/22 Resp., ECF No. 440, at 1-2.) Defendants, however, acknowledge that they initially had proposed 15 depositions.[1] (*See id*. at 1.)

The Court, in its discretion, grants Plaintiffs leave to take 15 depositions, *i.e.*, the number as to which Defendants initially had agreed to stipulate. That is, Plaintiffs may take up to 15 depositions of Defendants' former and current employees and outside counsel, inclusive of a Rule 30(b)(6) deposition, without further leave of Court.

The Court finds that it is premature to decide whether any additional depositions beyond 15 are warranted. "[C]ourts will generally not grant leave to expand the number of depositions until the moving party has exhausted the ten depositions permitted as of right under Rule 30(a)(2)(A) or the number stipulated to by the opposing party." *Gen. Elec. Co. v. Indem. Ins. Co. of N. Am*., No. 06-CV-00232 (CFD) (TPS), 2006 WL 1525970, at *2 (D. Conn. May 25, 2006). At present, the Court cannot ascertain whether any testimony sought from witnesses in excess of 15 would be unreasonably cumulative or duplicative. Once Plaintiffs have exhausted the 15-deposition limit, they may seek leave to take additional depositions. In that regard, the Court notes that "[t]he mere fact that there are several individuals who may possess relevant information does not necessarily entitle a party to examine each of them." *Raba v. Suozzi*, No. 06-CV-01109 (DRH) (AKT), 2006 WL 8435603, at *1 (E.D.N.Y. Nov. 17, 2006); *see also Commodity*

---

[1] Defendants have limited themselves to taking ten depositions of Plaintiffs as a group. (*See* Dep. Protocol, ECF No. 438-1, ¶ 15.)

*Futures Trading Com'n v. Commodity Inv. Group, Inc.*, No. 05-CV-05741 (HB), 2005 WL 3030816 (S.D.N.Y. Nov. 10, 2005) ("Although a witness might have discoverable information, a party is not always entitled to depose that individual.").

Consistent with the Advisory Committee Notes to Rule 30, Defendants' "deposition under Rule 30(b)(6) [shall], for purposes of [the 15-deposition] limit, be treated as a single deposition even though more than one person may be designated to testify." *See* Fed. R. Civ. P. 30, Advisory Committee Notes, 1993 Amendment. The parties shall meet and confer regarding the topics to be addressed at Defendants' Rule 30(b)(6) deposition and the length of such deposition. If the parties are unable to agree after good faith negotiations, they may make an appropriate application to the Court.

## II.     Location Of Depositions Of Japanese Witnesses

### A.     Legal Standards

"[C]ourts retain substantial discretion to determine the site of a deposition." *Sec. & Exch. Comm'n v. Aly*, 320 F.R.D. 116, 118 (S.D.N.Y. 2017) (citing *Lewis v. Madej*, No. 15-CV-02676 (DLC), 2016 WL 590236, at *3 (S.D.N.Y. Feb. 11, 2016)). There is a "rebuttable presumption" that the deposition of a defendant will be held where the defendant resides. *See id*. "[A] plaintiff may only overcome this presumption by showing 'peculiar' circumstances favoring depositions at a different location." *Six West Retail Acquisition v. Sony Theatre Mgmt. Corp*., 203 F.R.D. 98, 106 (S.D.N.Y. 2001) (citation omitted). The presumption also "can be overcome by a showing that factors of cost, convenience, and litigation efficiency militate in favor of holding the deposition somewhere other than the district of the deponent's residence or place of business." *Devlin v.*

*Transportation Commc'ns Int'l Union*, No. 95-CV-00752 (JFK) (JCF), 2000 WL 28173, at *3 (S.D.N.Y. Jan. 14, 2000).

B. **Analysis**

Plaintiffs seek to have "certain witnesses residing in Japan available for deposition in the U.S. or a forum where the Federal Rules apply." (*See* Pls.' 10/14/22 Ltr. Mot. at 2.) Plaintiffs argue that they "will be unable to conduct a full or meaningful deposition" of such witnesses in Japan "[d]ue to the onerous limitations imposed on remote depositions in Japan." (*See id*.) Defendants assert that "Plaintiffs will be able to conduct remote depositions in Japan just as they would in the United States" and that "Takeda will waive the limitations on remote depositions in Japan, and Takeda will agree that the Federal Rules of Civil Procedure apply to these remote depositions." (*See* Defs.' 10/19/22 Resp. at 2.)

The Court, in its discretion, finds that Plaintiffs have met their burden to overcome the presumption that the Japanese witnesses be deposed in Japan. Obtaining evidence in Japan in civil matters is governed by, among other sources, the U.S.-Japan bilateral Consular Convention of 1963 (the "Treaty").[2] *See Squires v. Toyota Motor Corp.*, No. 18-CV-00138, 2021 WL 1837540, at *2 (E.D. Tex. May 7, 2021). Article 17 of the Treaty requires depositions to either take place in the U.S. Consulate or the U.S. Embassy. *See id*. As the United States Embassy website for Tokyo states:

> Depositions are controlled by detailed agreements between the United States and the Government of Japan, and procedures cannot be modified or circumvented.

---

[2] Japan is not a party to the Hague Convention on the Taking of Evidence Abroad in Civil and Commercial Matters. *See* Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, 23 U.S.T. 2555.

5

> Orders by U.S. courts cannot compel the Government of Japan to amend or deviate from its judicial regulations and procedures.

*See* U.S. Embassy & Consulates in Japan, https://jp.usembassy.gov/services/depositions-in-japan/ (last visited 10/21/2022); *see also In re Application for Ord. Quashing Deposition Subpoenas, dated July 16, 2002*, No. M8-85, 2002 WL 1870084, at *5 (S.D.N.Y. Aug. 14, 2002) ("Japanese law authorizes a deposition in Japan for use in U.S. courts only if (1) the witness or party is willing to be deposed, (2) the deposition takes place on U.S. consular premises, (3) a consular officer presides over that deposition, pursuant either to a letter rogatory issued by a U.S. court or to a court order (for example, under the All Writs Act, 28 U.S.C. § 1651) that specifically authorizes a U.S. consular officer to take the deposition on notice, and each participant traveling from the United States to Japan to participate in the deposition obtains a deposition visa." (internal quotation marks and citation omitted)).

"Due to the COVID-19 pandemic and related travel restrictions, in-person depositions [in Japan] have been suspended until further notice." *See* U.S. Embassy & Consulates in Japan, https://jp.usembassy.gov/services/depositions-in-japan/ (last visited 10/21/2022). Even video depositions in Japan currently are limited. "Video depositions of witnesses located in Japan may be available on an extremely limited basis and subject to prior approval of the Japanese authorities" and "Japanese government approval is not guaranteed." *Id*.

Considering the relevant factors (*i.e.*, cost, convenience and litigation efficiency), the Court finds that holding depositions of Japanese witnesses who are current employees of Defendants, as well as former employees of Defendants who are represented by Defendants' counsel, outside of Japan is warranted under the peculiar circumstances that presently exist regarding depositions in Japan. With respect to cost, the parties are directed to meet and confer

6

to find a suitable location that will minimize travel costs for the witnesses. Holding depositions outside of Japan will be more convenient for U.S.-based counsel due to the time and burdens associated with seeking to conduct depositions in Japan. With respect to the convenience of the witnesses themselves, again, the parties are directed to meet and confer to find a suitable location outside of Japan that is convenient for the witnesses. Finally, it undoubtedly will be more efficient to conduct depositions outside of Japan due to the delays that would be associated with obtaining the necessary Japanese governments approvals.

Even if Defendants had the ability to simply "waive the limitations on remote depositions in Japan" (*see* Defs.' 10/19/22 Resp. at 2), which is a dubious proposition, the Court declines to infringe Japan's sovereignty by compelling discovery in Japan in a manner contrary to Treaty requirements.  *See Custom Form Mfg., Inc. v. Omron Corp.*, 196 F.R.D. 333, 336 (N.D. Ind. 2000) ("If a federal court compels discovery on foreign soil, foreign judicial sovereignty may be infringed . . ." (citation omitted)).[3]

The Court adds the following point of clarification.[4] The witnesses who Defendants must produce for deposition outside of Japan are officers, directors and managing agents of Defendants, *see Cambridge Cap. LLC v. Ruby Has LLC*, No. 20-CV-11118 (LJL), 2022 WL 889143, at *1 (S.D.N.Y. Mar. 24, 2022) ("Under Federal Rule of Civil Procedure 30(b)(1), 'a specific officer, director, or managing agent of a corporate party may be compelled to give testimony pursuant

---

[3] Notwithstanding the foregoing, if Defendants can make a particularized showing of hardship as to any individual witness by having his or her deposition taken outside of Japan, <u>and</u> if Defendants themselves obtain in a timely manner necessary Japanese government approvals for such witness, Defendants may apply to the Court to have such witness's testimony be taken remotely in Japan.

[4] This paragraph is added to address, in part, the objection filed yesterday by Defendants (*see* Defs.' 11/4/22 Not. of Obj., ECF No. 446) to my Order, dated October 21, 2022. (*See* 10/21/22 Order, ECF No. 444.)

7

to a notice of deposition.'" (citation omitted)), or any witness who voluntarily agrees to testify on behalf of Defendants. Defendants shall be precluded from calling at trial any of the previously identified Japanese witnesses whom it does not produce for depositions outside of Japan.[5]

### III. Length Of Interpreter-Assisted Depositions

#### A. Legal Standards

Rule 30 also provides that, unless otherwise stipulated or ordered, a deposition is limited to one day of seven hours. *See* Fed. R. Civ. P. 30(d)(1). Courts often allow additional time for a deposition where an interpreter is used. However, the amount of extra time permitted for foreign language depositions varies. *See Procaps S.A. v. Patheon Inc*., No. 12-CV-24356 (JG), 2015 WL 2090401, at *6 (S.D. Fla. May 5, 2015) ("To the extent that interpreters are used for either the 30(b)(6) deposition or the fact witness depositions, the time will be adjusted, based on the rule that the use of an interpreter doubles the deposition time."); *DRFP, LLC v. Venezuela*, No. 04-CV-00793 (TPK), 2015 WL 5244440, at *3 (S.D. Ohio Sept. 9, 2015) ( [T]he Court will limit the second deposition to one day of eight hours (plus normal breaks). The additional hour beyond the seven-hour limit set out in Rule 30(d)(1) should accommodate the need for an interpreter to be present.").

---

[5] The Court notes that Plaintiffs in their Letter Motion had argued that any Japanese witnesses who were not made available for deposition outside of Japan should be precluded from testifying at trial. (*See* Pls.' 10/14/22 Ltr. Mot. at 2.) Defendants in their response did not address this argument. (*See* Pls.' 10/20/22 Reply at 2.) However, in Defendants' objection filed yesterday, Defendants offered as an "alternative" that the Court "preclude Takeda from calling any of these witnesses at trial whom it does not voluntarily produce for depositions outside of Japan." (*See* Defs.' 11/4/22 Not. of Obj. at 1.)

### B. Analysis

The parties agree that extra time is needed beyond the presumptive seven hours for depositions requiring an interpreter, but disagree about the amount of additional time. Plaintiffs propose that depositions requiring an interpreter be limited to 14 hours. (*See* Pls.' 10/14/22 Ltr. Mot. at 3.) On the other hand, Defendants propose a limit of 11 hours. (*See* Defs.' 10/19/22 Resp. at 2.) The Court, in its discretion, sets a 12-hour limit for depositions requiring an interpreter. *See Quinones v. Univ. of Puerto Rico*, No. 14-CV-01331 (MEL), 2015 WL 3604152, at *5 (D.P.R. June 8, 2015) (permitting 12-hour deposition where interpreter used).

### CONCLUSION

By reason of the foregoing, the Court hereby ORDERS, as follows:

1) Plaintiffs may take up to 15 depositions of Defendants' former and current employees and outside counsel, inclusive of a Rule 30(b)(6) deposition of Defendants, subject to possible increase after Plaintiffs exhaust the 15-deposition limit.

2) Depositions of Japanese witnesses who are current employees of Defendants, as well as former employees of Defendants who are represented by Defendants' counsel, shall be held in a suitable location outside of Japan, as discussed above.

3) Depositions requiring an interpreter shall not exceed 12 hours in duration.

**SO ORDERED.**

Dated:   New York, New York
         November 5, 2022

_____
STEWART D. AARON
United States Magistrate Judge