USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/11/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE ACTOS ANTITRUST LITIGATION

THIS DOCUMENT RELATES TO:

ALL ACTIONS

Master File No. 1:13-cv-09244 (RA) (SDA)

**ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

Pending before the Court is Plaintiffs' Letter Motion addressing certain disputes that have arisen concerning depositions and Plaintiffs' related motion to seal. (Pls.' 4/4/2023 Ltr. Mot., ECF No. 483/484; 4/7/2023 Mot. to Seal, ECF No. 486.) Following a telephone conference with the parties, and for the reasons stated on the record, Plaintiffs' Letter Motion is GRANTED IN PART and DENIED IN PART as follows:

1. As agreed upon by the parties during today's telephone conference, Takeda shall produce Mr. Buonaiuto as Takedas' 30(b)(6) designee for a deposition not to exceed 14 hours.

2. Takeda's 30(b)(6) designee shall be prepared to testify as to topics 1-7 for the time period beginning March 30, 2010.

3. Having considered the relevant factors, *see, e.g., DoubleLine Cap. LP v. Odebrecht Fin., Ltd.*, No. 17-CV-04576 (GHW) (BCM), 2022 WL 2162992, at *2 (S.D.N.Y. May 31, 2022) (setting forth five factors considered by courts in this district in determining whether an individual is a managing agent of a corporate party); *Dubai Islamic Bank v. Citibank, N.A.*, No. 99-CV-01930 (RMB) (TH), 2002 WL 1159699, at *3 (S.D.N.Y. May

31, 2002), the Court finds that Plaintiffs have presented "enough evidence to show that there is at least a close question" whether Mr. Inaba is a managing agent of Takeda Pharmaceutical Company Limited, *see id.*, including Mr. Inaba's position and his role with respect to the ACTOS patents. (*See* Pls.' 4/4/2023 Ltr. Mot. at 3 & Exs. A, F, G, I; Pls.' 4/10/2023 Reply, ECF No. 490/491, at 3-4.); Accordingly, Takeda must produce Mr. Inaba for a deposition outside of Japan in accordance with the Court's November 5, 2022 Order.

It is further Ordered that Plaintiffs' motion to seal is GRANTED. Although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute and courts "must balance competing considerations against" the presumption of access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 11920 (2d Cir. 2006) (internal quotation marks omitted); *see also Nixon v. Warner Commcns., Inc.*, 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case."). Here, the Court finds that the proposed redactions and sealing requests are narrowly tailored to prevent unauthorized dissemination of sensitive business information.

It is further Ordered that the parties are directed to appear for a telephone conference to address the Letter Motion pending at ECF No. 479/481 on April 21, 2023 at 2:00 p.m. At the

scheduled time, the parties shall each separately call (888) 278-0296 (or (214) 765-0479) and enter access code 6489745.

**SO ORDERED.**

Dated:   New York, New York
         April 11, 2023

_____
STEWART D. AARON
United States Magistrate Judge