# Morgan Lewis

**R. Brendan Fee**
Partner
+1.215.963.5136
brendan.fee@morganlewis.com

May 2, 2023

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/3/2023

**VIA ECF**

The Honorable Stewart D. Aaron
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Application GRANTED. For the reasons set forth herein, the Court finds that the proposed redactions are narrowly tailored to prevent the dissemination of competitively sensitive information. SO ORDERED.

Dated: May 3, 2023

Re: **Supplemental Letter Motion to Seal –** *In re ACTOS Antitrust Litig.* **(1:13-cv-09244-RA-SDA)**

Dear Judge Aaron:

Pursuant to Your Honor's Order that Takeda "make a further application in support of" its motion to seal information in Plaintiffs' Reply Brief in Support of Letter Motion for Discovery Conference Concerning Depositions (ECF No. 508), Takeda submits this letter in further support of sealing certain information that is currently redacted.

Although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute and courts "must balance competing considerations against" the presumption of access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). Such competing considerations include the "need to protect sensitive commercial information from disclosure to competitors seeking an advantage." *Johnson v. Tennyson*, No. 22-CV-05683 (SDA), 2023 WL 2423965, at *1 (S.D.N.Y. Mar. 9, 2023) (Aaron, J.) (quoting *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. 14-MC-02542 (VSB), 2014 WL 12772236, at *2 (S.D.N.Y. Nov. 5, 2014)). If competing considerations outweigh the presumption of access, the sealing of information should be narrowly tailored. *Lugosch*, 435 F.3d at 126.

Here, after additional careful review of the information currently redacted, Takeda requests that the Court maintain under seal only the information in the two parentheticals in the first paragraph of page 8 of Ex. N (ECF No. 489-2) regarding a settlement term that Takeda

**Morgan, Lewis & Bockius LLP**

1701 Market Street
Philadelphia, PA  19103-2921
United States
T +1.215.963.5000
F +1.215.963.5001

was considering as part of the Actos patent litigations. These parentheticals reveal competitively sensitive information about Takeda's past practices and strategies for settling patent infringement lawsuits against generic manufacturers seeking to market generic versions of Takeda's patented branded products. *See Encyclopedia Brown Prods., Ltd. v. Home Box Off., Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) (finding that "[c]onfidential business information dating back even a decade or more may provide valuable insights into a company's current business practices that a competitor would seek to exploit"). If made public, this information could be used to Takeda's detriment in current and future settlement negotiations. These proposed redactions are narrowly tailored to prevent the dissemination of this competitively sensitive information and to avoid future injury to Takeda.

We appreciate Your Honor's consideration of this matter.

Respectfully submitted,

*/s/ R. Brendan Fee*
R. Brendan Fee

*Attorney for Defendants Takeda Pharmaceutical Company Limited, Takeda America Holdings, Inc., Takeda Pharmaceuticals U.S.A., Inc., and Takeda Development Center Americas, Inc.*
