UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE ACTOS ANTITRUST LITIGATION

THIS DOCUMENT RELATES TO:

ALL ACTIONS

Master File No. 1:13-cv-09244 (RA) (SDA)

**ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

On May 4, 2023, the parties filed a Joint Letter regarding a proposed privilege protocol and case schedule, which sets forth the parties' areas of disagreement. (5/4/23 Joint Ltr., ECF No. 511.) Having carefully considered the parties' positions, the Court hereby ORDERS that the Privilege Protocol attached as Exhibit A shall be utilized by Takeda in its re-review of documents and information previously withheld as privileged and that the revised case schedule attached as Exhibit B shall govern the deadlines in this case.

With respect to the areas of disagreement regarding the protocol, the Court finds, in its discretion, that (1) it is proportional to the needs of the case for Takeda to provide a metadata privilege log for Internal Hogan Lovells and EAPD documents; (2) it is not appropriate to include the name limiters in Section 3.1; and (3) it is not necessary or appropriate to include in Section 3.3 a "non-exhaustive list of illustrative examples of information that falls within the scope of the waiver and must be produced."

With respect to the areas of disagreement regarding the schedule, the Court finds, in its discretion, that (1) setting a deadline of May 26, 2023 for Takeda to disclose which of the witnesses noticed by Plaintiffs for deposition will be represented by Takeda and the availability

of each witness represented by Takeda for deposition is appropriate;[1] and (2) the dates following the close of fact discovery need to be extended from those proposed by Plaintiffs, but the extensions need not be as long as those proposed by Takeda.[2]

**SO ORDERED.**

Dated:     New York, New York
           May 8, 2023

_____
STEWART D. AARON
United States Magistrate Judge

---

[1] The Court finds that it is not necessary for Takeda to provide at least three available deposition dates for each witness. Nevertheless, the Court expects that Takeda and its witnesses shall act diligently and in good faith with respect to deposition scheduling.

[2] The Court is mindful of defense counsel's trial commitment currently scheduled for September 2023. However, in the Court's experience, cases often settle before trial and trial dates often get extended. Moreover, law firms of the size and caliber of defense counsel in this case often are called upon to juggle multiple time-consuming tasks. That said, the Court will entertain requests for extensions of the deadlines set forth in the revised case schedule, if there is a compelling need to do so.

# EXHIBIT A

**PRIVILEGE PROTOCOL**

1. **Certification**

    1.1. Morgan Lewis attorneys shall review previously withheld/redacted documents as described herein and shall not outsource this responsibility to staff attorneys, nor shall they attempt to automate Takeda's privilege review using TAR or other similar technology. Takeda's Morgan Lewis attorneys agree to provide a certification to the Court confirming that they have complied in good faith with the requirements of the privilege review protocol, in the form entered by the Court, and are not intentionally withholding or redacting any non-privileged information or information within the scope of Takeda's privilege waiver.

2. **Production of a Metadata Log**

    2.1. Takeda shall produce a metadata privilege log for all documents withheld or redacted, including the Internal Hogan Lovells and EAPD Documents,[3] and shall include for each logged document:[4]

     - a unique "control number" in a "Log Index Number" field;
     - the date and time the document was (1) created, (2) sent, and (3) last modified in "DateTime Created," "DateTime Sent" and "DateTime Last Modified," respectively;
     - name(s) of the author(s) of the document in an "Author" field;
     - name(s) of the sender and recipient(s)—and, for emails, each person shown in the "From," "To," "CC," and "BCC" fields, including each email address in these fields, separately delineated "From," "To," "CC," "BCC" and identifying all attorneys with an asterisk;
     - for emails, the "Subject"/"RE" line in an "Email Subject" field,
     - for non-emails, the file name or title in a "File Name" field;
     - the document type by file extension in a "File Extension" field;
     - all custodian(s) of the document in a "Custodian" field;

---

[3] "Hogan Lovells" and "EAPD" refer to those law firms under their current and former names, including all attorneys and staff. Takeda previously withheld certain Hogan Lovells and EAPD documents as not reflecting communications between those firms and Takeda. The term "Internal Hogan Lovells and EAPD Documents" refers to those documents.

[4] Takeda will provide such metadata, or the closest approximation, only to the extent that it exists for a particular document.

- o   a code corresponding to a category and a legend containing all categorical descriptions to be used in this case enabling the receiving party to associate specific codes with specific categories;
- o   the nature of the privilege asserted, *e.g.*, "attorney-client privilege" or "work product";
- o   whether the document has been withheld in full or redacted; and
- o   for redacted documents, the Bates number.
- o   whether the document was re-reviewed per this protocol.

3. **Re-review of Withheld/Redacted Documents**

    3.1. Morgan Lewis attorneys shall re-review all withheld/redacted documents which fall within the following parameters to determine whether they contain information that should be produced in whole or in part, either because it is not privileged or is within the scope of Takeda's waiver.

    - Dates: 1999–2002 (the period in which Takeda listed the '584 and '404 patents in FDA's Orange Book); 2009–2010 (the period in which Takeda reaffirmed the listings of such patents to FDA).
    - Search Terms: FDA OR Orange Book OR OB OR Teva OR 314.53! OR (list! w/10 patent!) OR (!584) OR (!404) OR (ACTOS AND (claim! /5 drug)) OR 3542 OR Holovac OR Dettelbach OR Prandin OR Caraco OR Shumsky OR (Sandoz! w/5 (CP or (Citizen! Petition)))

    3.2. Morgan Lewis shall visually scan any handwritten notes from 1999-2002 and 2009-2010 that have been withheld or redacted, and will produce any withheld information that is not privileged or within the scope of the waiver.

    3.3. Takeda shall re-review all Internal Hogan Lovells and EAPD documents.  Pursuant to the Court's April 21, 2023 instruction, Takeda shall produce all "internal [Hogan Lovells or EAPD] e-mails or any other documents that reflect the advice that was given by the law firms to Takeda." (Tr. at 44:18-20.)

4. **Timing**

    4.1. Takeda shall comply with this protocol (including producing all downgraded documents, the metadata log, and requisite certification) within 4 weeks of the Court's adoption of this protocol.

# EXHIBIT B

**REVISED CASE SCHEDULE**

| Current Date | Revised Date | Event |
|---|---|---|
| - | May 26, 2023 | Takeda to disclose which of the witnesses noticed by Plaintiffs for deposition will be represented by Takeda and the availability of each witness represented by Takeda for deposition. |
| May 5, 2023 | August 3, 2023 | Close of Fact Discovery. |
| June 29, 2023 | September 21, 2023 | Parties to serve merits expert reports on any issues on which they have the burden of proof. |
| August 17, 2023 | November 9, 2023 | Parties to serve responsive expert reports. |
| September 19, 2023 | December 11, 2023 | Parties to serve rebuttal merits expert reports. Rebuttal merits expert reports must be limited to responding to arguments raised in responsive expert reports. |
| October 10, 2023 | January 3, 2024 | Plaintiffs to serve motions for class certification and expert reports (class only). |
| November 10, 2023 | February 3, 2024 | Deadline to complete merits expert discovery; deadline for Plaintiffs to produce their class experts for deposition. |
| November 20, 2023 | February 13, 2024 | Defendants' opposition(s) to Plaintiffs' motion for class certification, corresponding expert reports. |
| December 15, 2023 | March 8, 2024 | Deadline for Defendants to produce their class experts for deposition. |
| December 20, 2023 | March 13, 2024 | Plaintiffs to serve reply briefs in support of class certification and corresponding expert rebuttal reports, limited to responding to arguments raised in Defendants' opposition and corresponding expert reports. |
| January 5, 2024 | March 27, 2024 | Parties to serve *Daubert* motions as to class experts. |
| February 5, 2024 | April 26, 2024 | Parties to serve oppositions to *Daubert* motions as to class experts. |
| February 20, 2024 | May 10, 2024 | Parties serve any replies on *Daubert* motions to class experts. |