UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| USDC-SDNY |
| --- |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC#: |
| DATE FILED: |

IN RE ACTOS END-PAYOR ANTITRUST
LITIGATION

Master File No. 13-CV-9244 (RA) (SDA)

MEMORANDUM
OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

Plaintiff Crosby Tugs, LLC ("Crosby Tugs") has moved to dismiss its claims from this antitrust litigation without prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(2). Defendants Takeda Development Center Americas, Inc., Takeda Pharmaceutical Company Limited, Takeda Pharmaceuticals U.S.A., Inc., and Takeda America Holdings, Inc. (collectively, the "Takeda Defendants") do not oppose Crosby Tugs' dismissal from the case, but urge the Court to either (1) condition dismissal on Crosby Tugs' compliance with its discovery obligations, or (2) dismiss with prejudice. The Court agrees.

Under Rule 41(a)(2), absent consent from the parties, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). In this Circuit, there are "[t]wo lines of authority . . . with respect to the circumstances under which a dismissal without prejudice might be improper." *Kwan v. Schlein*, 634 F.3d 224, 230 (2d Cir. 2011) (quoting *Camilli v. Grimes*, 436 F.3d 120, 123 (2d Cir. 2006)). The first line "indicates that such a dismissal would be improper if 'the defendant would suffer some plain legal prejudice other than the mere prospect of a second lawsuit.'" *Camilli*, 436 F.3d at 123 (quoting *Cone v. West Virginia Pulp & Paper Co.*, 330 U.S. 212, 217 (1947)). "Legal prejudice in this context has been defined as 'the impairment of some legal interest, some legal claim, or some legal argument.'" *Benitez v. Hitachi Metals America, Ltd.*, 2012 WL 3249417, at *2 (S.D.N.Y. Aug. 6, 2012) (quoting *Staten Island Terminal, LLC v. Elberg*, 2012 WL 1887126, at *3 (E.D.N.Y. May

23, 2012)).

The second line of authority "indicates that the test for dismissal without prejudice involves consideration of various factors, known as the *Zagano* factors, including (1) the plaintiff's diligence in bringing the motion, (2) any undue vexatiousness on the plaintiff's part, (3) the extent to which the suit has progressed, including the defendant's efforts and expense in preparation for trial, (4) the duplicative expense of relitigation, and (5) the adequacy of the plaintiff's explanation for the need to dismiss." *Camilli*, 436 F.3d at 123 (citing *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990)). That said, "where no possibility of relitigation at the instance solely of the plaintiff exists, the *Zagano* factors have little, if any relevance." *Id*. Under those circumstances, "the only question a court *must* answer is whether its 'qualified dismissal without prejudice [would result] in some plain legal prejudice' to defendant." *Kwan*, 634 F.3d at 231 (emphasis in original) (quoting *Camilli*, 436 F.3d at 123).

As an initial matter, the parties disagree about whether the *Zagano* factors apply to this case.[1] The Court need not decide that question, however, because regardless of whether it considers the *Zagano* factors, an unconditional dismissal without prejudice would be unwarranted.

The Takeda Defendants would plainly suffer legal prejudice if they were unable to obtain discovery from Crosby Tugs and Crosby Tugs were then able to remain an absent class member in this litigation. According to the Takeda Defendants, Crosby Tugs possesses materials relevant to both Takeda's defenses on the merits and class certification, including data regarding its purchases and reimbursements of Actos that could shed light on the commonality—or lack

---

[1] The Takeda Defendants have expressed concern that, even if Crosby Tugs stipulates to not rejoining the lawsuit as a named plaintiff, there is still a "possibility of relitigation" if Crosby Tugs "file[s] its own individual action against Takeda following the Court's decision on class certification." Def. Opp. 7. In response, Crosby Tugs asserts that it only seeks dismissal without prejudice "so that it may become an absent class member should the putative class be certified," and it is willing to condition dismissal on its not re-filing individual claims against Takeda. Pl. Reply 2. The parties do not provide authority addressing whether remaining an absent class member constitutes "the possibility of relitigation at the instance solely of the plaintiff." *Kwan*, 634 F.3d at 231.

thereof—of the claims being litigated. *See In re Digital Music Antitrust Litig.*, 2015 WL 13678846, at *4 (S.D.N.Y. Mar. 2, 2015) (reasoning that the requested discovery would be useful in "gaug[ing] the ascertainability, typicality, and predominance of the claims at issue"). Allowing Crosby Tugs to remain in the class without requiring it to produce discovery could, as Judge Preska observed in *In re Digital Music*, "lead to the creation and presentation of an atypical sampling of the putative class, thereby making it more difficult [for the defendant] to show that individual issues predominate over common ones." [2] *Id.* And while obtaining discovery from an absent class member is possible, defendants face a "particularly heavy" burden in justifying such discovery. *Redmond v. Moody's Investor Serv.*, 1995 WL 276150, at *1 (S.D.N.Y. May 10, 1995) (citation omitted).

Crosby Tugs asserts that it does not possess evidence "outside of what is typical of other members of the proposed EPP class," and that the Takeda Defendants thus do not "need" this information—they merely "want" it. Pl. Reply 3. But this is not the standard for legal prejudice. The Takeda Defendants need not establish that the requested discovery would be necessary to prove their claims—only that some legal interest, claim, or argument would be "impaired" by an unconditional dismissal. *Benitez*, 2012 WL 3249417, at *2; *see also Sang Lan v. Time Warner, Inc.*, 2015 WL 13745782, at *3 (S.D.N.Y. Feb. 5, 2015) (considering whether any of the defendants' counter-claims or defenses "would be affected by dismissal of this action without

---

[2] Crosby Tugs argues that *In re Digital Music* is inapplicable, because it involved a Rule 21 motion to withdraw certain parties, not a Rule 41(a)(2) motion to voluntarily dismiss the action. But as another judge in this district previously noted, "the standard under [Rules 21 and 41(a)(2) are] substantially the same: see . . . Rule 21 (parties may be dropped or added 'on such terms as are just'), and Rule 41(a)(2) (an action shall be dismissed 'upon such terms and conditions as the court deems proper')." *Goldberg v. Meridor*, 81 F.R.D. 105, 112 n.13 (S.D.N.Y. 1979) (citing *Broadway & Ninety-Sixth St. Realty Corp. v. Loew's*, 23 F.R.D. 9, 11 (S.D.N.Y. 1958)). The Court thus finds the reasoning in *In re Digital Music Antitrust Litigation*—which also considered the prejudice that defendants might suffer in an antitrust class action if certain named plaintiffs were dismissed—to be instructive here.

prejudice").

Crosby Tugs also cites *In re Avon Anti-Aging Skincare Creams and Products Marketing and Sales Practices Litigation*, 2014 WL 12776747 (S.D.N.Y. Apr. 22, 2014), where the court reasoned that, "while deposing one fewer plaintiff is an unfavorable change for [the defendant], this change cannot be said to rise to the level of unfairness." *Id.* at *2. The *Avon* court thus granted the plaintiff's Rule 41(a)(2) motion without imposing a condition to produce discovery. *Id.* Unlike here, however, the *Avon* court's conclusion was informed by the fact that "the parties [we]re only just beginning document production," and the plaintiff who sought dismissal "ha[d] not engaged in any misconduct." *Id.* By contrast, the instant parties have been in discovery for years, and according to the Takeda Defendants, Crosby Tugs did not seek to dismiss its claims until 144 days after the deadline for the substantial completion of discovery, and only after the Takeda Defendants threatened to file a motion to compel discovery. The timing of this request—apparently intended to avoid discovery obligations, and after the Takeda Defendants had already expended substantial resources trying to obtain such discovery[3]—underscores the prejudice to the Takeda Defendants if Crosby Tugs were to remain a member of the putative class while refusing to produce any

---

[3] Discovery resumed in this case in September 2021 following an interlocutory appeal, and Judge Aaron ordered a deadline of March 18, 2022 for the "substantial completion" of document production from all parties. ECF No. 338. According to the Takeda Defendants, by early March 2022, Crosby Tugs had not produced a single document. The Takeda Defendants asked Plaintiffs' counsel when they could expect a document production from Crosby Tugs, but received no response. *See* ECF No. 420, Ex. 3. About two months later, the Takeda Defendants again contacted Plaintiffs' counsel asking whether Crosby Tugs planned to participate in this litigation, including by producing documents. They again received no response. *See id.*, Ex. 4. After the Takeda Defendants followed up on June 7, Plaintiffs' counsel responded by stating that Crosby Tugs was "actively working towards producing documents." *Id.* In the following months, the Takeda Defendants continued to inquire about Crosby Tugs' document production, and Plaintiffs' counsel continued to represent that Crosby Tugs was working on its production without specifying when it would occur. *Id.* On August 4, the Takeda Defendants informed Plaintiffs' counsel that, if Crosby Tugs would not provide a "firm commitment" to producing documents, the Takeda Defendants would move forward with a motion to compel. *Id.* Only then, on August 9, did Crosby Tugs inform the Takeda Defendants that it wished to dismiss its claims. *Id.* Crosby Tugs does not appear to dispute these assertions.

discovery.  *See In re Digital Music Antitrust Litig.*, 2015 WL 13678846, at *4 (citing the "suspicious timing of the [plaintiff's] requests" as a reason to condition dismissal on discovery); *see also In re Wellbutrin XL Antitrust Litig.*, 268 F.R.D. 539, 544 (E.D. Pa. 2010) ("The avoidance of an adverse discovery ruling . . . is not a compelling grounds for dismissal without prejudice."); *In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 304 (D.D.C. 2000) ("[I]t seems fairly obvious that these plaintiffs wish to dismiss their actions merely to avoid having to give defendants the discovery authorized by the Special Master's Report.  Therefore, the Court finds the timing of the plaintiff's [Rule 41] Motion suspect and somewhat indicative of bad faith.").

Taking into account the *Zagano* factors would not compel a different conclusion.  On one hand, the second and fourth factors fall in favor of Crosby Tugs.  As for the second factor, there is no evidence of "undue vexatiousness" or an intent to harass on Crosby Tugs' part.  And with respect to fourth factor, the "duplicative expense of relitigation" if Crosby Tugs were to remain an absent class member—assuming that such circumstances even count as "relitigation"—would be negligible.

On the other hand, the remaining three *Zagano* factors fall in favor of the Takeda Defendants.  As for the first factor, Crosby Tugs did not exercise "diligence in bringing the motion," waiting until months after a major discovery deadline before asserting that they were "unable to make a production."  *See* ECF No. 420, Ex. 4.  With respect to the third factor, although the suit has not yet progressed to summary judgment briefing and no trial date has been set, the parties have completed a substantial amount of discovery at significant cost to the Takeda Defendants, given the complexity of this litigation.  Finally, with respect to the fifth factor, Crosby Tugs' explanation for the need to dismiss is insufficient.  It vaguely asserts that "it is no longer able to proceed as a named plaintiff in this class action litigation," Pl. Br. 1, and as it previously

communicated to the Takeda Defendants in a similarly vague fashion, it is purportedly "unable to make a production, and is further unable to continue as a proposed class representative in this litigation," ECF No. 420, Ex. 4.  The Court cannot discern from this cryptic explanation whether Crosby Tugs' reason for withdrawing as a named plaintiff is compelling.  On balance, the *Zagano* factors thus also weigh against an unconditional dismissal.

Accordingly, the Court denies Crosby Tugs' motion for an unconditional dismissal without prejudice.  No later than June 28, 2023, Crosby Tugs shall file a letter indicating whether it seeks to condition dismissal without prejudice upon compliance with its discovery obligations, or dismissal with prejudice.  The Clerk of Court is respectfully directed to terminate the motion pending at ECF No. 425.

SO ORDERED.

Dated:     June 7, 2023
           New York, New York

Ronnie Abrams
United States District Judge