**HAGENS BERMAN**

Thomas M. Sobol    tom@hbsslaw.com

**HAGENS BERMAN SOBOL SHAPIRO LLP**
1 FANEUIL HALL SQUARE, 5TH FLOOR
BOSTON, MA  02109
hbsslaw.com
(617) 475-1950 phone    (617) 482-3003 fax

July 26, 2023

**Via ECF**
The Honorable Stewart D. Aaron
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   Letter re Discovery Dispute in *In re ACTOS Antitrust Litig*. (1:13-cv-09244-RA-SDA)

Dear Magistrate Judge Aaron:

 Plaintiffs are concerned that Takeda has not produced all documents within the scope of this Court's prior orders directing Takeda to produce, *inter alia*, "any communications, as well as any documents reflecting communications between Takeda and its counsel, relating to Takeda's decision to list the '584 Patent and the '404 Patent as claiming ACTOS and subsequent decisions to reaffirm the listings for such patents," and more particularly that Takeda has not complied with the Court's April 21, 2023 Order.[1] Takeda provided a supplemental privilege log on June 5, 2023. Plaintiffs reviewed the privilege log, compared the entries to documents and information produced in this case, and identified specific log entries relating to withheld documents created nearly contemporaneously with known meetings and phone calls between Takeda and its outside counsel discussing patent issues. On July 7, 2023, the plaintiffs sent a letter to Takeda raising these issues, specifically discussing about a dozen of the entries and identifying others to which it appears Takeda's waiver applies.[2]  With fact discovery set to close shortly, key depositions underway, and more scheduled for Tuesday, August 1st and Thursday, August 3rd, the plaintiffs seek a resolution of this matter at the Court's earliest possible convenience.

---

[1] ECF No. 412, at 18; *see also* ECF No. 507 at 2 (April 21, 2023 order directing Takeda to conduct further inquiry into its withholdings).
[2] *See* July 7, 2023 letter from Whitney Street to Steven Reed, attached as *Exhibit 1*, at 2-4 and Ex. A (identifying roughly 300 other log entries which appear to fall within the Court's waiver orders as to which the plaintiffs are not waiving any rights). The individual privilege log entries for these documents are attached hereto as *Exhibit 2*.

HAGENS BERMAN

July 26, 2023
Page 2

    Takeda believes that it has produced all documents called for by the Court's orders. However, after discussion, Takeda has indicated that it does not oppose the submission of the documents for *in camera* review. Plaintiffs recognize that by so agreeing, Takeda does not intend to waive any assertions of privilege over the documents themselves.

    Plaintiffs request that the Court order Takeda to produce the twelve exemplar documents for *in camera* review by the Court as soon as possible.[3] If the Court determines a hearing is necessary after reviewing the documents, the plaintiffs are available at the Court's earliest convenience. To the extent that an order by this Court provides guidance that implicates the additional documents that the Plaintiffs have identified as potentially waived, the parties will promptly meet and confer regarding those documents.[4]

Sincerely,

HAGENS BERMAN SOBOL SHAPIRO LLP

Thomas M. Sobol

ENDORSEMENT: Plaintiffs' Letter-Motion is GRANTED. As soon as possible, but no later than Thursday, July 27 at 5 p.m., Takeda shall transmit to the Court by email (Aaron_NYSDChambers@nysd.uscourts.gov) the 12 exemplar documents for *in camera review*. SO ORDERED. Dated: 7/26/2023

---

[3] If Takeda wishes to provide others, in addition to these twelve, the plaintiffs would not object.
[4] Plaintiffs recognize that there are likely far less than 300 'unique' emails in this group. However, given the limited information available from the log, there is little ability to further narrow this set (*i.e.*, identify just the most complete, unique email in each thread) at this time. If the Court orders further production, we will work with defendants to quickly identify any such examples.