```
USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED:
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE ACTOS END-PAYOR ANTITRUST
LITIGATION

No. 13-CV-9244 (RA) (SDA)

MEMORANDUM
OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

On July 25, 2023, Plaintiffs in this antitrust litigation filed a letter-motion asserting that Defendants Takeda Development Center Americas, Inc., Takeda Pharmaceutical Company Limited, Takeda Pharmaceuticals U.S.A., Inc., and Takeda America Holdings, Inc. (collectively, "Takeda") waived attorney-client privilege over a document referred to by the parties as the "Inaba Memo." On August 1, 2023, Magistrate Judge Aaron issued an Opinion and Order ruling in favor of Plaintiffs (the "Order"). *In re Actos Antitrust Litig.*, 2023 WL 4875926 (S.D.N.Y. Aug. 1, 2023). Now pending before the Court is Takeda's timely objection to Judge Aaron's Order.[1] For the reasons that follow, Takeda's objection is overruled.

## BACKGROUND

The Court assumes the parties' familiarity with the relevant facts and procedural history, which are detailed in Judge Aaron's Order, and summarizes only the most pertinent facts here. Takeda originally identified the Inaba Memo as privileged and included it on a categorical privilege log dated May 20, 2022. On August 8, 2022, however, Takeda produced to Plaintiffs a batch of documents that included a mostly unredacted version of the Inaba Memo in its original Japanese. On September 8, 2022, Plaintiffs filed a reply brief regarding the scope of Takeda's

---

[1] Takeda filed its objection on August 15, 2023. *See* Fed. R. Civ. P. 72(a) ("A party may serve and file objections to the [magistrate judge's] order within 14 days after being served with a copy.").

express privilege waiver. Attached to that reply brief, among other exhibits, was an English-translated version of the Inaba Memo.

The next morning, during a telephone conference with the parties, Judge Aaron expressly asked Takeda: "In the reply brief that was filed yesterday by the plaintiffs, they attached certain exhibits and my question for the defendants . . . [is] did you intend to produce those documents with the information on them unredacted[?]" Hr'g Tr. at 5:11-15 (ECF No. 410). Takeda responded that they "did intend to produce those documents," *id.* at 5:20-21, and further clarified: "[W]e are not proposing to claw back any of the documents that are attached to the reply brief . . . we endeavored to produce documents that related to the subject matter of the waiver," *id.* at 6:19-23.

On November 4, 2022, during a meet and confer, Plaintiffs reminded Takeda that the Inaba Memo had been attached to the September 8 reply brief, and Plaintiffs' counsel both displayed the Inaba Memo on the Zoom "screen share" function and emailed it to Takeda's counsel. *See* ECF No. 532-1 ¶ 2. According to Plaintiffs, during this meet and confer, "[d]efense counsel never stated the Inaba Memo was inadvertently produced and will be clawed back." *Id.* On February 27, 2023, Plaintiffs sent Takeda a letter with a list of documents, including the Inaba Memo, that they believe had been improperly redacted or withheld. *See* ECF No. 532-5. Takeda agreed to review the documents identified in the letter, and on March 17, 2023, Takeda reproduced the Inaba Memo with all redactions removed. *See* ECF No. 532-1 ¶ 3.[2]

On April 3, 2023, Plaintiffs again filed the Inaba Memo under seal as an exhibit to a letter-motion. This time, Takeda sought to claw it back, on the ground that it had been inadvertently

---

[2] Takeda does not dispute any of these assertions—in fact, in Takeda's briefing on its objection to Judge Aaron's Order, it does not once mention the November 4 meet and confer, the February 27 letter, or the March 17 reproduction.

2

produced. *See* ECF No. 531-6 at 5. After Plaintiffs sent Takeda an email explaining why they opposed the claw back, Takeda responded: "We maintain our position that unredacted portions of [the Inaba Memo] were inadvertently produced . . . But in light of the statements made during the September 9, 2022 hearing and the passage of time, we will agree to withdraw our claw back for [the Inaba Memo]." *Id.* at 3. Finally, on July 21, 2023, during the deposition of Atsuhiro Inaba—the original author of the Inaba Memo—Takeda again sought to claw back the Memo when Plaintiffs' counsel marked it as an exhibit in the deposition.

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 72(a), when a party objects to a magistrate judge's ruling with respect to a non-dispositive issue, "[t]he district judge in the case must consider [the] timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). "Clear error is present when, 'upon review of the entire record, the court is left with the definite and firm conviction that a mistake has been committed.'" *Janes v. Berryhill*, 498 F. Supp. 3d 540, 541 (S.D.N.Y. 2020) (quoting *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006)).

Takeda first argues that Judge Aaron clearly erred by applying the wrong standard for waiver. According to Takeda, where a protective order governs the procedure for clawing back privileged documents, "the terms of that order control." Takeda Objections at 6 (quoting *In re Google Digital Advertising Antitrust Litig.*, 2023 WL 196146, at *2 (S.D.N.Y. Jan. 17, 2023)). Here, Takeda argues, "the sole requirement for claw back [in the protective order] is that the document be inadvertently produced." *Id.* (citing ECF No. 190 at 11). Other courts in this District have observed, however, that even "where parties execute [a protective] order, waiver is appropriate . . . if production of the privileged material was 'completely reckless.'" *Sure Fit Home*

*Prods., LLC v. Maytex Mills Inc.*, 2022 WL 1597000, at *1 (S.D.N.Y. May 20, 2022) (collecting cases) (quoting *HSH Nordbank AG N.Y. Branch v. Swerdlow*, 259 F.R.D. 64, 75 (S.D.N.Y. 2009)). Indeed, the case Takeda relies on, *In re Google*, also noted that "[a] possible exception to the literal application of the [protective order] may exist where a party asserting inadvertent production has acted in a manner that was 'completely reckless.'" 2023 WL 196146, at *2 (quoting *HSH Nordbank*, 259 F.R.D. at 75).

"For a production to be 'completely reckless,' the producing party must have shown no regard for preserving the confidentiality of the privileged documents." *Sure Fit*, 2022 WL 1597000, at *1 (quoting *Prescient Partners, L.P. v. Fieldcrest Cannon, Inc.*, 1997 WL 736726, at *4 (S.D.N.Y. Nov. 26, 1997)). Judge Aaron found that Takeda's actions clear this high bar, because "Takeda had multiple opportunities prior to July 21, 2023 to exercise its rights under the Protective Order . . . and insist upon clawing back the Inaba Memo." *In re Actos*, 2023 WL 4875926, at *3. Specifically, Judge Aaron reasoned, "Takeda could have done so during the September 9, 2022 hearing, during the November 4, 2022 meet and confer, when it reproduced the Inaba Memo in March 2023 and when it made and then withdrew its claw back request in April 2023." *Id.*

The Court agrees. Even if the initial production of the Inaba Memo was inadvertent, the Memo was expressly brought to Takeda's attention multiple times in the following months. At the telephone conference held on September 9, 2022, Judge Aaron asked Takeda whether they had intended to produce unredacted versions of the exhibits attached to Plaintiffs' reply brief—which totaled only six exhibits, one of which was the Inaba Memo—and Takeda responded in the affirmative. ECF No. 410. Then, at the meet and confer between the parties on November 4, 2022, Plaintiffs' counsel displayed the Inaba Memo on Zoom's "screen share" function for

Takeda's counsel to see, and also emailed to Takeda the same six exhibits that had been attached to their reply brief, which, again, included the Inaba Memo. ECF No. 532-1. Still, according to Plaintiffs, Takeda did not seek to claw back the Inaba Memo. *Id.* Finally, after Plaintiffs sent Takeda a letter in February 2023 with a list of documents that contained improper redactions, Takeda reproduced the Inaba Memo with all redactions removed on March 17, 2023. ECF No. 532-1, -5.

Takeda offers no explanation for any of these missed opportunities to claw back the Inaba Memo, nor do they directly dispute these facts—they merely assert that they "ultimately discovered the inadvertent production" of the Inaba Memo on April 7, 2023. Takeda Objections at 3-4. Even if it were true that Takeda was unaware of the Inaba Memo's purportedly inadvertent production until April 2023—which the Court finds doubtful—it was "completely reckless" for Takeda to choose to remain in the dark for so long, when the Memo's production had been brought to their attention multiple times in the preceding months. Indeed, Takeda's own attorneys agreed, in April 2023, to "withdraw" their claw back request of the Inaba Memo, "in light of the statements made during the September 9, 2022 hearing and the passage of time." ECF No. 531-6 at 3. Under these circumstances, the Court finds no error, let alone clear error, in Judge Aaron's conclusion that Takeda showed "no regard" for preserving the confidentiality of the Inaba Memo. *See Sure Fit*, 2022 WL 1597000, at *3 (finding that plaintiffs were "completely reckless" with respect to privileged material where they were given "multiple clear opportunities to claim the privilege" but did not do so).

Takeda insists that they demonstrated at least some effort to preserve the confidentiality of the Inaba Memo, relying on the following language from the August 8 production letter to Plaintiffs: "We are producing in redacted form 203 completely privileged scanned documents."

5

ECF No. 536-1.  Takeda also points to the fact that they objected to the use of the Inaba Memo at Inaba's deposition, when they attempted to claw it back.  But again, these efforts cannot overcome the fact that Takeda was given repeated opportunities over the course of almost a year—between the August 8 production and the July 21 deposition—to assert privilege over the Memo, and they did not do so.

Takeda makes two additional arguments, both of which are similarly unpersuasive. First, Takeda points to Rule 4.4(b) of the New York Rules of Professional Conduct, which states that "[a] lawyer who receives a document . . . relating to the representation of the lawyer's client and knows or reasonably should know that it was inadvertently sent shall promptly notify the sender." N.Y. Rules of Pro. Conduct 4.4(b).  According to Takeda, Plaintiff's "failure" to comply with Rule 4.4(b) immediately after the initial production of the Inaba Memo renders Judge Aaron's finding of waiver clearly erroneous.  Takeda Objections at 8.  Even assuming it was obvious that the initial production of the Inaba Memo was inadvertent, however—which Plaintiffs dispute—Takeda cites no authority suggesting that an ethical rule violation changes the application of the "completely reckless" standard, or should otherwise affect the waiver analysis in this instance.  *See Point 4 Data Corp. v. Tri-State Surgical Supply & Equip., Ltd,* 2013 WL 12503118, at *17 n.29 (E.D.N.Y. July 18, 2013) (citing *Fagan v. U.S. Dist. Ct. for the S. Dist. of N.Y.*, 644 F. Supp. 2d 441, 450 (S.D.N.Y. 2009)) ("[W]hile complaining that [the defendant] 'sandbagged' them and delayed litigation over this issue, plaintiffs do not articulate what effect, if any, an ethics violation [of Rule 4.4(b)] would have on their motion for a protective order.  Nor do they explain why a federal court is the appropriate forum for litigating what essentially amounts to a state attorney ethics complaint.").

Finally, Takeda argues that it would suffer unfair prejudice if privilege over the Inaba

Memo is waived, because Takeda would not be able to provide context for the Inaba Memo without waiving privilege over other documents. Takeda again fails to cite any authority, however, nor is the Court aware of any, that has considered prejudice to the disclosing party when analyzing waiver of privilege.[3]

Accordingly, the Court finds no clear error in Judge Aaron's Order, and Takeda's objection to the Order is overruled.

SO ORDERED.

Dated:     September 22, 2023
           New York, New York

_____
Ronnie Abrams
United States District Judge

---

[3] The Court is also skeptical that either of these additional objections are proper, given that the legal arguments were not specifically raised before Judge Aaron. *See Nike, Inc. v. Wu*, 349 F. Supp. 3d 346, 353 (S.D.N.Y. 2018) ("[C]ourts in this Circuit generally do not entertain new legal arguments not presented to the magistrate judge."). Although Takeda did mention Rule 4.4(b) in its letter-motion to Judge Aaron, it did so only as a footnote in the background section—it did not argue that, because of the alleged ethics violation, there should be no privilege waiver. *See* ECF No. 536. In any event, as discussed, the Court finds both arguments to be meritless.