```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/28/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE ACTOS ANTITRUST LITIGATION

THIS DOCUMENT RELATES TO:

ALL ACTIONS

Master File No. 1:13-cv-09244 (RA) (SDA)

OPINION AND ORDER

**STEWART D. AARON, United States Magistrate Judge:**

Presently before the Court is a dispute regarding whether Takeda is entitled to claw back a document bearing the Bates-number TAK-ACTOS-000264349, from the custodial files of Takeda's former in-house counsel, George Kokkines ("Kokkines"), which on its face appears to be a meeting agenda (the "Agenda"). (Pls.' 11/9/23 Ltr. Mot., ECF Nos. 556/557.) For the reasons set forth below, the Court finds that Takeda is not entitled to claw back the Agenda because Takeda has waived privilege with respect to the Agenda.

## BACKGROUND

This is an antitrust class action in which Plaintiffs allege that Takeda prevented competitors from timely marketing a generic version of Takeda's diabetes drug ACTOS by falsely describing two patents to the Food and Drug Administration ("FDA"). *See In re Actos End-Payor Antitrust Litig.*, 848 F.3d 89, 92 (2d Cir. 2017). As part of its regulatory compliance defense, Takeda chose to expressly waive privilege with respect to the applicability of pre-2003 regulations governing the submission of patent information to the FDA for the two subject patents, and Takeda's compliance with the pre-2003 regulations. *See In re Actos Antitrust Litig.*, 628 F. Supp. 3d 524, 534-35 (S.D.N.Y. 2022).

In March 2015, a Stipulated Protective Order was entered in this action. (Stip. Protective Order, ECF No. 190.) Section 11(a) of the Protective Order provided that "[t]he inadvertent production of any document, by any party or person, that such party or person later claims should have been withheld on grounds of a privilege . . . will not be deemed, in itself, to waive any privilege . . . as to specific information in the [document]." (*Id.* at 13.)

In April 2022, Takeda produced the Agenda to Plaintiffs. (Pls.' 11/9/23 Ltr. Mot. at 1; Defs.' 11/14/23 Ltr. Resp., ECF Nos. 563/564, at 1.) Later in 2022, Takeda produced a January 30, 2009 document authored by Atsuhiro Inaba ("Inaba"), who was Chief Patent Counsel for Takeda Pharmaceuticals North America, Inc., referred to as the "Inaba Memo." *See In re Actos Antitrust Litig.*, No. 13-CV-09244 (RA) (SDA), 2023 WL 4875926, at *1 & n.1 (S.D.N.Y. Aug. 1, 2023). The Inaba Memo memorialized a January 2009 meeting at which settlement of generics litigation was discussed. (*See* Pls.' 11/9/23 Ltr. Mot. at 1; Inaba Memo, ECF No. 531-2.) The Agenda appeared to have been prepared for that same January 2009 meeting. (*See* Pls.' 11/9/23 Ltr. Mot. at 1; Agenda, Kokkines Ex. 294, ECF No. 556-1.)

On July 25, 2023, Plaintiffs filed a Letter Motion regarding Takeda's effort to claw back the Inaba Memo. (*See* Pls.' 7/25/23 Ltr. Mot., ECF No. 531/532.) On August 1, 2023, the undersigned issued an Opinion and Order finding that Takeda has waived privilege with respect to the Inaba Memo. *See In re Actos Antitrust Litig.*, 2023 WL 4875926, at 4.[1]

Hours later on August 1, 2023, Plaintiffs took the remote deposition of Kokkines, in whose custodial files the Agenda was found. (Pls.' 11/9/23 Ltr. Mot. at 1.) During the deposition,

---

[1] On September 22, 2023, District Judge Abrams overruled Takeda's objections the Order. *See In re Actos End-Payor Antitrust Litig.*, 2023 WL 6197403, at *4 (S.D.N.Y. Sept. 22, 2023)

2

Kokkines was examined regarding a meeting that took place in Chicago in January 2009 at which Inaba was present. (*See* Kokkines Dep.[2] at 32-36.) Kokkines was asked if he recalled settlement strategies being a subject of the meeting in Chicago and he responded that he generally recalled that settlement strategies was the topic to be discussed at the meeting, but that he did not recall what those strategies were or what was discussed about them. (*Id.* at 37.)Plaintiffs' counsel, Attorney Weiner, then marked the Agenda as Exhibit 294. The following colloquy took place regarding Exhibit 294:

> Q. Mr. Kokkines, I apologize. Usually when there's an orphan document like the one you're looking at I tend to attach also the metadata sheet accompanying that document so you can see the date and whose files this came from. I will represent to you that this came from your custodial file. Do you have a general understanding of what a custodial file is in litigation?
>
> A. Yes.
>
> Q. And this appears to be a meeting agenda. Do you see that?
>
> A. That's what it appears to be, yes.

(*Id.* at 37-38.) Attorney Weiner then read into the record a portion of the Agenda with respect to the purpose of the meeting and Kokkines testified that the Agenda refreshed his recollection regarding the purpose of the meeting. (*See id.* at 38.)

Eight days later, on August 9, 2023, Takeda sent an email to Plaintiffs stating: "Pursuant to the Protective Order and Privilege Log Protocol, Takeda is partially clawing back TAK-ACTOS-000264349 [*i.e.*, the Agenda] and is replacing that document with the attached redacted version. (*See* 8/9/23 Fee Email, ECF No. 556-3, at 2.) Takeda asserts that it became aware of the inadvertent disclosure of the Agenda as Takeda's counsel was reviewing the rough transcript of

---

[2] Excerpts from the Kokkines deposition transcript are filed both at ECF No. 556-2 and 573-1.

the Kokkines deposition, and immediately clawed the document back, replacing it with a partially redacted version. (*See* Defs.' 11/14/23 Ltr. Resp. at 1-2.) The replacement version redacts two portions of the Agenda, including one of the two purposes of the meeting. (*See* Redacted Agenda, ECF No. 563-1.)

On August 14, 2023, Plaintiffs objected to the claw back of the Agenda. (*See* 8/14/23 Weiner Email, ECF No. 563-2, at 1.) After the parties could not reach a consensual resolution regarding the claw back, on November 9, 2023, Plaintiffs filed the instant Letter Motion. (*See* Pls.' 11/9/23 Ltr. Mot.) On November 20, 2023, the Court held a telephone conference, during with the Letter Motion was addressed. (*See* 11/20/23 Tr., ECF No. 570, at 19-44.)

## LEGAL STANDARDS

The party who invokes the privilege "bears the burden of establishing its essential elements." *United States v. Mejia*, 655 F.3d 126, 132 (2d Cir. 2011) (citation omitted). "The party invoking the privilege also has the burden to show that the privilege has not been waived." *Wultz v. Bank of China Ltd.*, 304 F.R.D. 384, 391 (S.D.N.Y. 2015) (citation omitted). Rule 502(b) of the Federal Rules of Evidence provides:

> (b) Inadvertent Disclosure. When made in a federal proceeding . . ., the disclosure [of material protected by attorney-client privilege or the work product doctrine] does not operate as a waiver in a federal or state proceeding if:
>
> (1) the disclosure is inadvertent;
>
> (2) the holder of the privilege or protection took reasonable steps to prevent disclosure; and
>
> (3) the holder promptly took reasonable steps to rectify the error, including (if applicable) following Federal Rule of Civil Procedure 26(b)(5)(B).

Fed. R. Evid. 502(b).

"The period after the producing party realizes that privileged information has been disclosed is the relevant period for measuring whether the privilege has been waived." *United States v. Lax*, 18-CV-04061 (ILG) (PK), 2022 WL 17987043, at *7 (E.D.N.Y. Dec. 29, 2022) (quoting *Aramony v. United Way of America*, 969 F. Supp. 226, 237 (S.D.N.Y. 1997)); *see also* Fed. R. Civ. P. 502, Explanatory Note to Subdivision (b) ("the rule does require the producing party to follow up on any obvious indications that a protected communication or information has been produced inadvertently"). "Inadvertent disclosure has been held to be remedied when the privilege is asserted immediately upon discovery of the disclosure and a prompt request is made for the return of the privileged documents." *Lax*, 2022 WL 17987043, at *7 (citing cases outside of deposition context where return of documents requested within 24 to 48 hours); *see also California Inst. of Tech. v. Broadcom Ltd.*, No. 16-CV-03714 (GW) (AGRx), 2018 WL 1468371, at *4 (C.D. Cal. Mar. 19, 2018) (finding promptness standard met when, despite lack of immediate objection during deposition, counsel asserted privilege after allowing single follow-up question and requesting a break to investigate status of document) (citing cases).

## APPLICATION

In the present case, the Court finds that Takeda has waived privilege with respect to the Agenda. Although Takeda asserts that its counsel became aware of the inadvertent disclosure "[s]hortly after the deposition" while reviewing the transcript and "immediately clawed the document back" (Defs.' 11/14/23 Ltr. Resp. at 1-2), the Court finds that, under the circumstances, Plaintiffs' use of the Agenda at the Kokkines deposition was an obvious indication that a protected communication had been produced inadvertently. Kokkines had been in-house counsel at Takeda, and Plaintiffs' counsel stated on the record that the Agenda was produced

5

from Kokkines' custodial files. (*See* Kokkines Dep. at 37.) In addition, around the time of the deposition, there was a hotly contested privilege dispute regarding a document, *i.e.*, the Inaba Memo, that addressed the same meeting as the Agenda addressed, which dispute was decided by the Court hours before the deposition. Finally, at the deposition, Plaintiffs' counsel read into the record certain portions of the Agenda that Takeda now claims were privileged.

Thus, the question is whether Takeda acted reasonably promptly once the Agenda was brought to light at the deposition. Takeda did not assert privilege over the Agenda at the deposition. Nor did it seek to claw back the Agenda within a day or two. Rather, it waited eight days to do so. In these circumstances, the Court finds that Takeda failed to promptly take reasonable steps to rectify its error, *see* Fed. R. Evid. 502(b)(3), and, as such, any privilege associated with the Agenda has been waived.

While this Court declines to adopt the bright-line rule urged by Plaintiffs that failing to object to the use of a privileged document during a deposition always necessarily waives the privilege (*see* 11/20/23 Tr. at 42), there is ample precedent in this Circuit supporting the Court's finding of waiver here. *See Certain Underwriters at Lloyd's, London v. Nat'l R.R. Passenger Corp.*, 218 F. Supp. 3d 197, 202 (E.D.N.Y. 2016) ("Amtrak has waived privilege and work-product protection for Exhibits 26 and 44 by failing to seek to preclude their introduction and use at the Noonan deposition."); *United States v. Wells Fargo Bank, N.A.*, No. 12-CV-07527 (JMF), 2015 WL 5051679, at *4 (S.D.N.Y. Aug. 26, 2015) ("[T]he failure to object [to the use of an exhibit during deposition] plainly constituted a waiver").[3]

---

[3] Takeda argues that the Court should apply a "clearly reckless" standard in deciding whether or not Takeda waived its privilege, given the presence of a protective order in this case. (*See* Defs.' 11/14/23 Ltr.

## CONCLUSION

By reason of the foregoing, the Court finds that Takeda is not entitled to claw back the Agenda.

**SO ORDERED.**

Dated:   New York, New York
         November 28, 2023

*[signature: Stewart D. Aaron]*

STEWART D. AARON
United States Magistrate Judge

---

Resp. at 2 n.1 (citing *Sure Fit Home Prods., LLC v. Maytex Mills Inc.*, No. 21-CV-02169 (LGS) (GWG), 2022 WL 1597000, at *1-2 (S.D.N.Y. May 20, 2022)). However, paragraph 11(a) of the protective order merely provides that inadvertent production does not "in itself" constitute a waiver. (*See* Stip. Protective Order at 13.) Here, it was not the production of the Agenda that resulted in waiver. Nor does the Court find that paragraph 11(c) applies to the circumstances here.