UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #:_____            │
│ DATE FILED: 12/07/2024           │
└─────────────────────────────────┘
```

IN RE ACTOS ANTITRUST LITIGATION

THIS DOCUMENT RELATES TO:

ALL ACTIONS

Master File No. 1:13-cv-09244 (RA) (SDA)

**ORDER**

STEWART D. AARON, United States Magistrate Judge:

Pending before the Court is a motion by the Direct Purchaser Plaintiffs ("DPPs") for entry of an Order approving the form and manner of notice to the DPP class, appointing a notice administrator and formally appointing class representatives and class counsel. (DPPs' 11/5/24 Mot., ECF No. 800.) For the reasons set forth below, the DPPs' motion is GRANTED IN PART and DENIED IN PART.[1]

**BACKGROUND**

On September 30, 2024, District Judge Abrams adopted this Court's Report and Recommendation recommending, *inter alia*, that the Court certify a direct purchaser class and appoint Hagens Berman Sobol Shapiro LLP ("HBSS") and Nussbaum Law Group ("NLG") as co-lead

---

[1] The Court finds that the issues raised in the DPPs' motion are non-dispositive. *See, e.g., Darish v. N. Dynasty Mins. Ltd.*, No. 20-CV-05917 (ENV), 2021 WL 1026567, at *1 (E.D.N.Y. Mar. 17, 2021) ("An order appointing lead plaintiff and approving lead counsel qualifies as a nondispositive matter under Rule 72(a) of the Federal Rules of Civil Procedure[.]"); *Lanzillotta v. GEICO Gen. Ins. Co.*, No. 19-CV-01465 (DLI) (JRC), 2024 WL 113784, at *1 (E.D.N.Y. Jan. 10, 2024) (granting motion, in part, for approval of class notice and related procedures after district judge certified class pursuant to Fed. R. Civ. P. 23(b)(3)); *In Re Zetia (Ezetimibe) Antitrust Litig.*, No. 2:18-MD-2836, 2022 WL 3337794, at *1 n.3 (E.D. Va. Feb. 9, 2022) (finding form and manner of notice for class actions and appointment of administrator as non-dispositive).

class counsel for the DPP class. (8/9/24 R&R, ECF No. 763, at 79; Op. & Order, ECF No. 794.) On October 15, 2024, Takeda filed a petition, pursuant to Federal Rule of Civil Procedure 23(f), seeking permission to appeal the Court's class certification Order to the U.S. Court of Appeals for the Second Circuit. (*See* Takeda Opp. Mem., ECF No. 803, at 1 n.1.) The petition is *sub judice*. (*See id*.)

On November 5, 2024, the DPPs filed the motion that is now before the Court. On November 19, 2024, Takeda filed its opposition to the DPPs' motion. (Takeda 11/19/24 Opp. Mem. at 1-2.) On December 4, 2024, the DPPs filed their reply. (DPPs' 12/4/24 Reply Mem., ECF No. 805.)

## DISCUSSION

Takeda asks the Court to defer ruling on the motion pending a decision by the Second Circuit on whether to grant the Rule 23(f) petition and, if the Second Circuit does grant the petition, pending appeal. (Takeda 11/19/24 Opp. Mem. at 1.) However, Takeda does not challenge the form or manner of notice, or the appointment of class representatives, class counsel and the claims administrator. What Takeda really seeks is a stay of the instant action in order to forestall the mailing of notice that the DPPs propose occur within 10 days of the Court's approval of the form and manner of notice. (*See* DPPs' 11/6/24 Mem., ECF No. 802, at 7.) Thus, the Court first considers the substance of the DPPs' motion and then addresses Takeda's opposition.

## I.    Proposed Notice Program

"For any class certified under Rule 23(b)(3), . . . the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all

members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). That notice "must clearly and concisely state in plain, easily understood language" the following: "(i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)." *Id*. Additionally, "[t]o comport with due process, the notice provided to absent class members must be the best practicable, reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Hecht v. United Collection Bureau, Inc.*, 691 F.3d 218, 224 (2d Cir. 2012) (cleaned up).

Having reviewed the proposed notice program set forth by DPPs (*see* DPPs' 11/6/24 Mem. at 3-4; *see also* Proposed Long Form Notice, Arnold Decl. Ex. 1, ECF No. 802-2), the Court finds, and Takeda does not dispute, that the proposed form and manner of notice complies with Rule 23 and applicable case law. (DPPs' 11/6/24 Mem. at 5-9.) As explained by the DPPs, the proposed notice addresses each of the requirements set forth in Rule 23(c)(2)(B)(i)-(vii) and comports with notices approved by courts in similar cases. (*See id*. at 5-6; *see also* Arnold Decl. Exs. 3-7, ECF Nos. 802-4 through 802-8.) Similarly, the DPPs have shown that direct individual notice by first-class mail is "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). Members of the DPP class already have been identified and documents produced by Takeda and non-parties contain address information, which the claims administrator will confirm and update,

as appropriate. (*See* DPPs' 11/6/24 Mem. at 7; *see also* Wickersham Decl., ECF No. 802-3, ¶¶ 9-11.) The Court also finds, and Takeda does not dispute, that RG/2, the notice administrator selected by DPPs, is qualified to serve in that role. (*See* DPPs' 11/6/24 Mem. at 9; *see also* Wickersham Decl. ¶ 3 & Ex. A.) Accordingly, the Court approves the proposed form and manner of notice and appoints R2/G as the notice administrator for the DPP class.

## II.    <u>Appointment Of Class Representatives And Class Counsel</u>

In certifying the DPP class, the Court found that the proposed class satisfied the requirements of Rule 23(a) and 23(b), including adequacy of representation. The Court also found that HBSS and NLG met all the requirements of Rule 23(g). The DPPs now requests that the Court formally appoint Thomas M. Sobol of HBSS and Linda P. Nussbaum of NLG as co-lead counsel in this action and appoint Meijer, Inc., Meijer Distribution, Inc. (collectively, "Meijer"), and Cesar Castillo LLC ("CCL"), the named plaintiffs in this lawsuit, as class representatives. (DPPs' 11/6/24 Mem. at 4.) Takeda does not oppose these requests. (*See generally* Takeda Opp. Mem.) Accordingly, the DPPs' request is granted.

## III.   <u>Takeda's Request To Defer Ruling</u>

Takeda asks the Court to defer ruling on the DPPs' motion pending a decision by the Second Circuit on whether to grant the Rule 23(f) petition and, if the Second Circuit does grant the petition, pending appeal. (Takeda 11/19/24 Opp. Mem. at 1.) As set forth above, the Court finds that Takeda's request is in the nature of a request for a stay. Rule 23 expressly states that "[a]n appeal [from an order granting class certification] does not stay proceedings in the district court unless the district judge or the court of appeals so orders." Fed. R. Civ. P. 23(f). Here, neither

District Judge Abrams nor the Second Circuit has granted a stay. Thus, there is no basis for the Court to defer ruling on the substance of the DPPs' motion, and the Court declines to do so.

Nevertheless, the Court agrees with the portion of the *Manual for Complex Litigation* cited by Takeda, stating that "[c]ommon sense dictates that the issuance of class notice should be deferred during the pendency of an appeal 'to avoid the confusion and the substantial expense of renotification that may result from appellate reversal or modification after notice dissemination[.]'" (Takeda 11/19/24 Opp. Mem. at 1 (citing *Manual for Complex Litigation*, § 21.28 (4th ed.).) Thus, the Court shall defer issuance of class notice until resolution of the Rule 23(f) petition and/or appeal, as set forth in item 5 of the Conclusion below.

## CONCLUSION

For the foregoing reasons, the DPPs' motion is GRANTED IN PART and DENIED IN PART and it is hereby Ordered as follows:

1.  Thomas M. Sobol of Hagens Berman Sobol Shapiro LLP and Linda P. Nussbaum of Nussbaum Law, P.C. are hereby appointed as co-lead counsel in this action.

2.  Meijer, Inc., Meijer Distribution, Inc. and Cesar Castillo LLC hereby are appointed as representatives of the direct purchaser class.

3.  RG/2 Claims Administration LLC is hereby appointed as the notice administrator for the direct purchaser class.

4.  The form and manner of notice to the class proposed in the motion is hereby approved.

5.  Unless the Order granting certification of the DPP class is reversed or modified, notice to the DPP class shall be sent within 10 days after resolution of the pending Rule 23(f) petition and/or appeal.

**SO ORDERED.**

Dated:      New York, New York
            December 7, 2024

_____
STEWART D. AARON
United States Magistrate Judge