UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Actos Antitrust Litigation | No. 13-cv-9244 (RA)<br><br>ORDER |

RONNIE ABRAMS, United States District Judge:

Before the Court are cross-motions for summary judgment on Takeda's "regulatory compliance" (or "regulatory mandate") defense. At oral argument, both parties suggested that, while the objective reasonableness prong of this defense is ultimately a question of law, there can be subsidiary factual questions that a jury may answer. Both parties nonetheless urged the Court to decide objective reasonableness in their respective favors now, apparently on the theory that there are no genuine disputes as to any fact material to the defense.

These arguments raise nuanced questions about how to resolve factual disputes underlying the objective reasonableness prong, specifically who should resolve those disputes and what procedural format should be used. Assuming, for instance, that the Court was inclined to have the jury decide the subjective prong of the defense, would there also be a role for the jury to resolve factual disputes related to the objective prong, such as industry custom? On one hand, district courts sometimes submit subsidiary factual questions (including about "industry custom") to a jury, such as when resolving the meaning of disputed contract terms. *SR Int'l Bus. Ins. Co., Ltd. v. World Trade Ctr. Props., LLC.*, 467 F.3d 107, 135–36 (2d Cir. 2006). But in other contexts, such as preemption and patent claim construction, a district court may not seek a jury's input and must itself "'resolve subsidiary factual disputes' that are part and parcel of [a] broader legal question." *Merck Sharp & Dohme Corp. v. Albrecht*, 587 U.S. 299, 317 (2019) (quoting *Teva*

*Pharms. USA, Inc. v. Sandoz, Inc.*, 574 U.S. 318, 327 (2015)).  Indeed, in these circumstances, the court must decide these fact disputes itself at an evidentiary hearing, at trial or perhaps on the papers.  *See Badar v. Swissport USA, Inc.*, 53 F.4th 739, 749 (2d Cir. 2022) (discussing the use of evidentiary hearings and bench trial to determine facts underlying a preemption issue); *UTTO Inc. v. Metrotech Corp.*, 119 F.4th 984, 993–94 (Fed. Cir. 2024) (discussing how district courts have "wide latitude" in how they resolve claim construction disputes and noting that evidentiary "hearings" are "not always necessary").

No later than March 12, 2025, the parties shall each file a letter stating their position as to (1) whether a jury may ever decide a disputed factual question subsidiary to the objective prong (including but not limited to industry custom or practice), (2) which (if any) factual issues related to the objective prong can go to a jury in this case, and (3) assuming a jury has no role, whether the Court should resolve such fact disputes on the papers, at an evidentiary hearing or as a matter of law at trial.

SO ORDERED.

Dated:   March 10, 2025
         New York, New York

_____
Ronnie Abrams
United States District Judge