**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE ACTOS ANTITRUST LITIGATION

THIS DOCUMENT RELATES TO:

ALL ACTIONS

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/3/2025

Master File No. 1:13-cv-09244 (RA) (SDA)

**ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

**INTRODUCTION**

On September 18, 2024, the parties publicly filed at ECF Nos. 772 to 778 and 779 to 790 redacted versions of papers related to Plaintiffs' motion for partial summary judgment and Defendants' motion for summary judgment. On September 18, 2024, the parties also filed a joint letter setting forth each party's statement regarding the proposed redactions made to their publicly filed summary judgment papers.[1] (9/18/24 Joint Ltr., ECF No. 779.)

On March 31, 2025, District Judge Abrams issued her Opinion and Order resolving the parties' summary judgment motions. (3/31/25 Op. & Order, ECF No. 825.) The Court now considers whether it is appropriate to maintain the seal on the redacted information.

Because on the present record the parties have not presented sufficient information to overcome the presumption of public access to judicial documents, if the parties wish to maintain the redacted information under seal, they shall make supplemental submissions as set forth below. In addition, any third parties who seek to maintain under seal information that they produced to the parties shall make written submissions as set forth below.

---

[1] Prior to September 18, 2024, unredacted versions of these documents had been filed under seal pursuant to the parties' Stipulation Regarding Sealing Procedure. (*See* 1/28/24 Stip., ECF No. 590.)

**BACKGROUND**

The parties' positions regarding sealing of the redacted information contained in their summary judgment submissions are as follows:

<u>Plaintiffs' position.</u> Plaintiffs have redacted information that non-parties produced in response to Rule 45 subpoenas and designated as confidential.

<u>Defendants' position.</u> In light of the contractual confidentiality obligations in the settlement agreements, Defendants have redacted the terms of their settlement agreements with the various manufacturers of generic Actos as well as certain limited information regarding their customers. Defendants have also redacted information that non-parties produced in response to Rule 45 subpoenas and designated as confidential. In addition, Defendants have redacted confidential information provided by non-party data providers.

(9/18/24 Joint Ltr. at 1.)

**LEGAL STANDARDS**

There is a long-established "general presumption in favor of public access to judicial documents." *Collado v. City of New York*, 193 F. Supp. 3d 286, 288 (S.D.N.Y. 2016). The Second Circuit has defined "judicial documents" as documents filed with a court that are "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (quotation omitted); *see also Lytle v. JPMorgan Chase*, 810 F. Supp. 2d 616, 620-21 (S.D.N.Y. 2011). The presumption of access is "based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice." *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995).

Applications to seal documents must therefore be "carefully and skeptically review[ed] . . . to insure that there really is an extraordinary circumstance or compelling need" to seal the documents from public inspection. *Video Software Dealers Ass'n v. Orion Pictures Corp.*, 21 F.3d

24, 27 (2d Cir. 1994). "Documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch*, 435 F.3d at 120 (quotation omitted); *see also Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 141 (2d Cir. 2016) (requiring that court make "specific, rigorous findings before sealing a document or otherwise denying public access"). Examples of "higher values" that may justify the sealing of documents include national security concerns, attorney-client privilege, law enforcement interests, or the privacy interests of third parties. *See E.E.O.C. v. Kelley Drye & Warren LLP*, No. 10-CV-00655 (LTS) (MHD), 2012 WL 691545, at *2 (S.D.N.Y. Mar. 2, 2012) (collecting cases).

"The burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such action[.]" *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997). To meet its heavy burden, the moving party "must offer specific facts demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Wells Fargo Bank, N.A. v. Wales LLC*, 993 F. Supp. 2d 409, 413 (S.D.N.Y. 2014) (quotation omitted). "[T]he decision as to access [to judicial records] is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon v. Warner Commc'ns*, 435 U.S. 589, 599 (1978).

In *Mirlis v. Greer*, the Second Circuit summarized the three steps that the Court must follow to determine whether the presumption of public access attaches to a particular document and bars disclosure. *See* 952 F.3d 51, 59 (2d Cir. 2020). First, the Court determines whether the document is a "judicial document," namely, "one that has been placed before the court by the parties and that is relevant to the performance of the judicial function and useful in the judicial

process." Id. (quotation omitted). Second, the Court "proceeds to 'determine the weight of the presumption of access to that document.'" *Id*. (quoting *United States v. Erie Cty*., 763 F.3d 235, 239, 241 (2d Cir. 2014)). "The weight to be accorded is 'governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts.'" *Id*. (quoting *Amodeo*, 71 F.3d at 1049). "Finally, the court must identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access." *Id*.

## DISCUSSION

On the present record, the parties have failed to meet their burden to show that the information identified for sealing should be sealed. Step one of the Circuit's test is easily satisfied: all of the documents presented to the Court in connection with the motion for summary judgment are judicial documents. Because the Court considered the content of the documents in resolving the motions, they are "relevant to the performance of the judicial function and useful in the judicial process[.]" *Amodeo*, 44 F.3d at 145. Thus, step one of the test established by *Mirlis* is satisfied.

With respect to step two, the presumption of public access to the information the parties seek to shield from the public has substantial weight. "The weight to be accorded is 'governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts.'" *Mirlis*, 952 F.3d at 59 (quoting *Amodeo*, 71 F.3d at 1049). Because the Court considered all the filed documents in connection with its assessment, they each have some weight. However, the weight of all portions of the filed

documents is not equal. Because Judge Abrams' ruling only recently was issued, the parties have not had the opportunity to brief the weight of the presumption of public access. Thus, the Court will provide them an opportunity to do so.

Step three of the Circuit's test requires that the Court consider the countervailing interests that weigh against public disclosure. The parties have not provided any analysis regarding this issue, but the Court will provide them an opportunity to do so. To the extent that the parties are relying upon confidentiality designations of third parties in seeking to redact information from public view, the parties shall provide notice to those parties of this Order and provide them an opportunity to make a written showing to the Court as to why those third parties' information should be filed under seal.

## **CONCLUSION**

For the foregoing reasons, it is hereby ORDERED that, no later than May 15, 2025, the parties shall make supplemental submissions addressing, for each item of information that they wish to maintain under seal, the weight of the presumption of public access and any countervailing considerations that weigh against public disclosure. In addition, no later than May 15, 2025, any third parties who seek to maintain under seal information that they produced to the parties may file a letter to the ECF docket explaining the basis for their sealing request.

5

The Court thereafter will decide whether to maintain the seal, as requested. If no additional showing is made with respect to any particular item of information, the seal shall be lifted as to that item.

**SO ORDERED.**

Dated:   New York, New York
         April 3, 2025

_____
STEWART D. AARON
United States Magistrate Judge