USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/12/2025

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE ACTOS ANTITRUST LITIGATION

THIS DOCUMENT RELATES TO:

ALL ACTIONS

Master File No. 1:13-cv-09244 (RA) (SDA)

**ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

WHEREAS, on April 3, 2025, the Court entered an Order addressing the sealing of information that was redacted from documents that the parties publicly filed at ECF Nos. 772 to 778 and 779 to 790, and setting forth the legal standards in this Circuit for sealing documents (4/3/25 Order, ECF No. 834); and

WHEREAS, the April 3 Order directed that, no later than May 15, 2025, the parties make supplemental submissions addressing, for each item of information that they wished to maintain under seal, the weight of the presumption of public access and any countervailing considerations that weighed against public disclosure (*id*. at 5); and

WHEREAS, the April 3 Order further directed that, no later than May 15, 2025, any third parties who sought to maintain under seal information that they produced to the parties could file a letter to the ECF docket explaining the basis for their sealing request (*id*.); and

WHEREAS, on May 15, 2025, the end-payor plaintiffs and direct-purchaser plaintiffs (the "Plaintiffs") filed a letter stating that there was no information in Plaintiffs' summary judgment filings that they wished to maintain under seal (Pls.' 5/15/25 Ltr., ECF No. 845); and

WHEREAS, on May 15, 2025, Defendants Takeda Pharmaceutical Company Limited, Takeda America Holdings, Inc., Takeda Pharmaceuticals U.S.A., Inc. and Takeda Development Center Americas, Inc. (collectively, "Takeda") filed a letter stating that Takeda no longer was requesting that the Court maintain under seal the redacted information contained in the parties' summary judgment filings; that Takeda had provided appropriate notice to the non-parties whose information is contained in Takeda's summary judgment filings; and that certain non-parties might be submitting letters to the Court seeking to maintain under seal certain information they produced in this action (Takeda 5/15/25 Ltr., ECF No. 847); and

WHEREAS, on May 15, 2025, non-parties Teva Pharmaceuticals Industries, LLC and Teva Pharmaceuticals U.S.A., Inc. (collectively "Teva") filed a Letter Motion requesting that the Court maintain under seal, and/or maintain as confidential through redaction, the following documents and/or information: (1) certain redacted material in ECF No. 773 (specifically, maintaining redactions to ¶ 127(b) referencing information contained in a Teva forecast in Pls.' Rule 56 Statement); (2) ECF No. 774-22 (Pls.' Exhibit 22, TEVA_ACTOS_00006665); (3) ECF No. 774-29 (Pls.' Exhibit 29, TEVA_ACTOS_00004864); (4) certain redactions to ECF No. 775-21 (specifically, redacting the royalty rate identified in ¶ 92 of Pls.' Exhibit 81, Expert Report of Thomas Hoxie); (5) certain redactions to ECF No. 775-24 (specifically, redacting the second sentence in ¶ 79 and footnotes 167-72 of Pls.' Exhibit 84, Rebuttal Expert Report of Erika Lietzan); (6) certain redacted material in ECF No. 775-32 (specifically, maintaining redactions to the second bullet of ¶ 56 of Pls.' Ex. 92, Expert Report of Martha A. Starr, Ph.D.); (7) certain redacted material in ECF No. 777 (specifically, maintaining redactions on pg. 30 to characterization of the royalty rate identified in Pls.' Opposition to Takeda's Motion for Summary Judgment); (8) certain redacted material in ECF

2

no. 778 (specifically, maintaining redactions to ¶ 92 (pg. 36) of Pls.' Response to Takeda's Statement of Undisputed Material Facts in Support of its Mot. for Summary Judgment, and maintain redactions to ¶ 34 (pg. 80) of Pls.' Statement of Additional Material Facts); (9) certain redacted material in, and redactions to, ECF No. 780-11 (specifically, redacting the first half of footnote 83 referring to Actavis' (*i.e.*, Watson's) proposed label and footnote 92 in its entirety, and maintaining redactions to ¶ 160 of Pls.' Ex. 134, Expert Report of C. Scott Hemphill); (10) certain redacted material in ECF No. 785 (specifically, maintaining redactions to ¶ 92 of Takeda's Statement of Undisputed Material Facts); (11) certain redacted material in, and redactions to, ECF No. 786-5 (specifically, redacting footnote 314's reference to information contained on Watson's proposed label, and maintain redactions to the royalty rate identified in ¶ 148(c), the forecast date identified in ¶ 308(c), and the percentage of profits identified in ¶ 320 of Def.'s Ex. 5, Expert Report of Guy Donatiello); (12) ECF No. 786-43 (Def.'s Ex. 36, Termination of Litigation Agreement); (13) certain redacted material in ECF No. 786-90 (specifically, maintaining redactions to the two columns identifying Teva's forecast information in Table 1 of Def.'s Ex. 83, Expert Report of Meredith Rosenthal, Ph.D.); (14) certain redacted material in, and redactions to, ECF No. 786-91 (specifically, redacting the second half of the sentence in Footnote 108 referring to a Teva forecast, and maintaining redactions to ¶ 50(d) and the column identifying Teva's forecast information in Table 2 of Def.'s Ex. 84, Expert Report of Rena Conti, Ph.D.); (15) certain redactions to ECF No. 786-99 (specifically, redacting the royalty rate identified in ¶ 92 of Def.'s Ex. 92, Expert Report of Thomas Hoxie); (16) certain redacted material in ECF No. 788-8 (specifically, redacting the second sentence in ¶ 43, and maintain the redactions to the language in ¶¶ 42, 43, and 59 of Def.'s Ex. 102, Expert Report of Keith Webber, Ph.D.); (17) certain

redactions to ECF No. 789-1 (specifically, redacting the royalty rate included in ¶ 34 and the Response to ¶ 34 (pgs. 19-20) of Takeda's Response to Pls.' Statement of Additional Material Facts); and (18) certain redacted material in, and redactions to, ECF No. 790-2 (specifically, redacting the second sentence recounting the components of a Teva forecast in ¶ 84, and maintaining redactions to the anticipated profit from a Teva forecast identified in ¶ 80,7 the royalty rate and the cost of purchasing an authorized generic identified in ¶ 111,8 ¶ 139, the first half of the first sentence in footnote 194 referring to the components of a Teva forecast, and footnotes 244, 307, and 308 of Def.'s Ex. 126, Expert Report of Sean Nicholson, Ph.D.) (Teva 5/18/25 Ltr. Mot., ECF No. 846, at 1-3); and

WHEREAS, on May 15, 2025, non-party Sandoz Inc. ("Sandoz") filed a letter requesting that the Court maintain under seal the following documents: (1) ECF No. 711-49; (2) ECF No. 711-50; and (3) ECF No. 758-13 (Sandoz 5/15/25 Ltr., ECF No. 848); and

WHEREAS, on May 15, 2025, non-parties Mylan, Inc. and Mylan Pharmaceuticals, Inc. (collectively, "Mylan") filed a letter requesting that the Court maintain sealed and/or redacted form for the following documents: (1) all of Plaintiff Exhibit 20, MYL-ACTOS-00016773-871 (excerpts from the Mylan ANDA) (ECF No. 774-20; ECF No. 708-20); (2) all of Plaintiff Exhibit 107, MYL-ACTOS-00000001 (the Mylan 5 Year Financial Plan (New Product Forecast)) (ECF No. 775-47; ECF No. 711-47), and citations to this document in footnotes 80-81 on page 24 of Takeda's Exhibit 83, Expert Report of Meredith Rosenthal (ECF No. 786-90); (3) ¶ 56 of Plaintiff Exhibit 92, Expert Report of Martha A. Starr (ECF No. 775-32; 711-32); (4) ¶¶ 116, 121, 124, 165, and 169 of Plaintiff Exhibit 134, Expert Report of C. Scott Hemphill) (ECF No. 758-11; 780-11); (5) ¶ 127(a) of Plaintiffs' Rule 56 Statement of Material Fact (ECF No. 707); and ¶ 127(a) of Defendant Takeda's

4

Response to Plaintiffs' Rule 56 Statement of Material Fact (ECF No. 787-1) (Mylan 5/15/25 Ltr., ECF No. 849); and

WHEREAS, the Court has reviewed the sealing requests made by non-parties Teva, Mylan and Sandoz, and found that the requests comport with the legal standards for sealing.

NOW, THEREFORE, it is hereby ORDERED, as follows:

1. Teva's Letter Motion filed at ECF No. 846 is GRANTED in its entirety.

2. The requests for sealing made by Sandoz and Mylan are GRANTED in their entirety.

3. The parties shall review their respective filings at ECF Nos. 772 to 778 and 779 to 790 and, if any information not covered by Teva's Letter Motion or Sandoz's or Mylan's requests has been redacted from such documents, then, no later than July 15, 2025, the parties shall file revised versions of such documents removing any such redactions.

**SO ORDERED.**

Dated:   New York, New York
         June 12, 2025

_____
STEWART D. AARON
United States Magistrate Judge

5